JERRY M. EVANS v. FRAN-CHAR CORPORATION AND EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA

No. 795SC408

(Filed 5 February 1980)

1. **Master and Servant § 110— unemployment compensation—loss of recording of hearing—absence of prejudice**

     A claimant for unemployment compensation benefits was not denied a fair hearing because the Employment Security Commission lost the recording of a hearing before a Claims Deputy where claimant was informed at the beginning of a hearing before an Appeals Deputy that the recording of the prior hearing was lost and that all evidence adduced at the prior hearing would have to be taken again, and all witnesses claimant presented at the prior hearing were also present at the hearing before the Appeals Deputy.

2. **Administrative Law § 8; Master and Servant § 111— claim for unemployment compensation—procedural defect raised for first time in superior court**

     Where a claimant for unemployment compensation failed to raise the issue of the alleged absence of a portion of his testimony from the transcript of the hearing before the Appeals Deputy when he appealed to the Deputy Commissioner, he could not raise that issue for the first time upon his appeal to the superior court.

APPEAL by claimant from *Tillery, Judge.* Judgment entered 4 December 1978 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 4 December 1979.

Claimant was employed by defendant Fran-Char Corporation as manager of a gasoline station for approximately two and one-half years prior to his discharge on 8 September 1977. Claimant filed a claim for unemployment insurance benefits effective 9 October 1977. A hearing on the claim was held before a Claims Deputy of the Employment Security Commission (ESC) on 28 October 1977, at which the claim was contested by Fran-Char. The recording made of this hearing was lost by the ESC. The Claims Deputy found that claimant was discharged from employment because of misconduct in connection with his work and held that claimant was disqualified from receiving benefits.

Claimant appealed to the Appeals Deputy and the hearing on the appeal was held on 22 November 1977 at which all of the witnesses present at the initial hearing were present. At the opening of the hearing the Appeals Deputy mentioned that the tape of the prior hearing had been lost and that he would have to "get all of

the information over again rather than using that tape and play-ing it back today." Claimant testified that he understood. Claim-ant and another employee of Fran-Char allege in affidavits which appear in the record that claimant testified he was discharged in retaliation for pressing charges of criminal assault against the nephew of one of the gas station's owners. Although no gaps in the testimony appear in the record, claimant maintains his testimony was omitted from the transcript. Fran-Char presented evidence that claimant was discharged for misconduct in connec-tion with his work, in that he failed to promptly deposit company funds in the bank which resulted in the refusal of Fran-Char's bonding company to bond him. The Appeals Deputy affirmed the decision of the Claims Deputy.

The decision of the Appeals Deputy was in turn upheld by the Deputy Commissioner. Claimant next appealed to the Superior Court of New Hanover County and moved to remand the matter to the ESC. From the court's judgment denying claimant's motion and dismissing his appeal, claimant appeals to this Court.

*Legal Services of the Lower Cape Fear, by James B. Gillespie, Jr., and Michael Shepard, for the claimant appellant.*

*Gail C. Arneke for the defendant appellee Employment Security Commission of North Carolina.*

WELLS, Judge.

[1] Claimant argues that he was denied a full and fair hearing before the ESC because the ESC lost the recording of the earlier hearing before the Claims Deputy. An administrative agency may not take action adversely affecting the rights of a person without affording the person effective notice and an opportunity to be heard. *Brauff v. Commissioners of Revenue*, 251 N.C. 452, 111 S.E. 2d 620 (1959). Here, claimant was informed at the beginning of the hearing before the Appeals Deputy that the recording was lost and that all of the evidence adduced at the prior hearing would have to be taken again. The only other witness claimant pre-sented at the prior hearing was also present at the hearing before the Appeals Deputy. Under these circumstances we cannot see how the loss by the ESC of its recording of the hearing before the Claims Deputy denied claimant a substantial right. An appellant must show that technical errors made below have prejudiced his

case in order to be entitled to have the decision below set aside. Claimant has clearly not met this burden here.

[2] As to the alleged absence from the transcript of a material portion of claimant's testimony presented at the hearing before the Appeals Deputy, the record fails to disclose that claimant afforded the Deputy Commissioner an opportunity to rule on this matter. The alleged absence of such testimony was also not mentioned by claimant in stating his grounds for appeal from the decision of the Deputy Commissioner to the Superior Court. It appears from the record that claimant raised this issue for the first time in his motion or petition before the Superior Court. The Superior Court was not authorized to hear grounds for remand which could have been presented to the reviewing administrative agency but were not:

> A litigant may not remain mute in an administrative hearing, await the outcome of the agency decision, and, if it is unfavorable, then attack it on the ground of asserted procedural defects not called to the agency's attention when, if in fact they were defects, they would have been correctible.

*Nantz v. Employment Security Comm.*, 28 N.C. App. 626, 630, 222 S.E. 2d 474, 477 (1976), *aff'd*, 290 N.C. 473, 226 S.E. 2d 340 (1976).

We have examined claimant's other assignments of error and have found them to be without merit.

Affirmed.

Judges HEDRICK and MARTIN (Robert M.) concur.