HOLLY RIDGE ASSOCIATES, LLC, PETITIONER v. NORTH CAROLINA DEPARTMENT OF ENVIRONMENT AND NATURAL RESOURCES AND ITS DIVISION OF LAND RESOURCES; WILLIAM P. HOLMAN, IN HIS OFFICIAL CAPACITY; AND CHARLES H. GARDNER, IN HIS OFFICIAL CAPACITY, RESPONDENTS, AND NORTH CAROLINA SHELL-FISH GROWERS ASSOCIATION AND NORTH CAROLINA COASTAL FEDERA-TION, INTERVENOR-RESPONDENTS

No. 218A06

(Filed 24 August 2007)

**1. Administrative Law— intervention in contested case—civil procedure and administrative procedure**

Intervention in a contested case is controlled by interlocking statutes, N.C.G.S. § 1A-1, Rule 24, and N.C.G.S. § 150B-1(e). The Rules of Civil Procedure allow intervention as a full party, while the Administrative Procedure Act allows intervention to the extent deemed appropriate by the administrative law judge. However, the ALJ's discretion in allowing intervention with the full rights of parties is limited to those who meet the conditions set out in Rule 24.

**2. Administrative Law— intervention in contested case— administrative rules—scope**

An administrative rule must be within the authority delegated by the General Assembly, and the Administrative Code cannot expand the scope of intervention beyond that set out in N.C.G.S. § 150B-23(d).

**3. Civil Procedure— intervention by right—direct interest— not sufficient**

Intervention under N.C.G.S. § 1A-1, Rule 24(a) requires a direct and immediate interest relating to the property or transaction for intervention by right. The interest claimed by the

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

Shellfish Growers and Coastal Federation, that ditching and draining on petitioner's property could jeopardize shellfish waters, is a general interest in an underlying issue and not a direct interest in the civil penalty, the issue here.

**4. Civil Procedure— permissive intervention—prejudice to opposing party**

Permissive intervention should not have been allowed in this case pursuant to N.C.G.S. § 1A-1, Rule 24(b) because of undue prejudice to the petitioner. Intervention late in the process resulted in the expenditure of time and money, affected a parallel federal case, and compelled a late change in trial strategy.

Justices TIMMONS-GOODSON and HUDSON did not participate in the consideration or decision of this case.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 176 N.C. App. 594, 627 S.E.2d 326 (2006), affirming an order entered on 5 September 2003 by Judge Benjamin G. Alford in Superior Court, New Hanover County. Heard in the Supreme Court 10 April 2007.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Alexander Elkan, George W. House, and S. Kyle Woosley, for petitioner-appellant.*

*Roy Cooper, Attorney General, by John F. Maddrey, Assistant Solicitor General, James C. Gulick, Senior Deputy Attorney General, and Nancy Reed Dunn, Assistant Attorney General, for respondent-appellees.*

*Southern Environmental Law Center, by Derb S. Carter, Jr. and Chandra T. Taylor, for intervenor-respondent-appellees.*

EDMUNDS, Justice.

In this case we consider whether an administrative law judge properly allowed the North Carolina Shellfish Growers Association and the North Carolina Coastal Federation to intervene with full rights as parties in a contested case challenge to the State's imposition of a civil penalty. While the parties characterize this question as a policy issue, it is properly considered as a procedural matter within our statutory framework governing intervention. Because we hold that the intervenors did not meet the requirements of Rule 24 of the

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

North Carolina Rules of Civil Procedure to participate as parties, we reverse the decision of the Court of Appeals.

Petitioner Holly Ridge Associates, LLC ("Holly Ridge") owns a two-thirds interest in 1,262 acres of land in Onslow County, North Carolina, known as the Morris Landing Tract. The tract drains directly to the Atlantic Intracoastal Waterway and to Cypress Branch, a tributary of Batts Mill Creek. These waters are classified as "SA" waters by the North Carolina Environmental Management Commission, meaning they are used for shellfishing for market purposes. From January through November 1998, Holly Ridge excavated eight miles of ditches on the Morris Landing Tract. After receiving complaints from the North Carolina Division of Water Quality, representatives from the Land Quality Services ("LQS") of the Division of Land Resources ("DLR") of the North Carolina Department of Environment and Natural Resources ("DENR") conducted an inspection and issued a report to DLR listing violations of erosion and sedimentation control requirements.

Although Holy Ridge was sent a copy of the report, it failed to take adequate remedial measures. Subsequently, on 3 March 1999, LQS sent Holly Ridge a Notice of Violations of the Sedimentation Pollution Control Act of 1973, N.C.G.S. —— 113A-50 to -66 ("SPCA"), and Title 15A, Chapter 4 of the North Carolina Administrative Code. Under the version of the SPCA in effect at the time, "[a]ny person who violates any of the provisions of [the SPCA] . . . or who initiates or continues a land-disturbing activity for which an erosion control plan is required except in accordance with the terms, conditions, and provisions of an approved plan, is subject to a civil penalty." N.C.G.S. § 113A-64(a)(1) (1999). DENR "shall determine the amount of the civil penalty and shall notify the person who is assessed the civil penalty of the amount of the penalty and the reason for assessing the penalty." *Id.* § 113A-64(a)(2) (1999). On 9 July 1999, DENR assessed a civil penalty against Holly Ridge in the amount of $32,100.00 for violations of the SPCA.

Holly Ridge then submitted an erosion control permit application to DLR, but the application was disapproved on 13 August 1999. Shortly thereafter, several hurricanes hit the North Carolina coast in the vicinity of Morris Landing. After another inspection of the site on 21 October 1999, LQS on 10 November 1999 sent a Notice of Additional Violations of the SPCA to Holly Ridge. LQS conducted a further inspection on 16 December 1999, and on 5 January 2000, sent

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

Holly Ridge a Notice of Continuing Violations. On 5 March 2000, DENR assessed a second civil penalty in the amount of $118,000.00 for these violations, and on 3 April 2000, Holly Ridge petitioned the Office of Administrative Hearings ("OAH") for a contested case hearing to challenge this second penalty. *See id.* (stating the assessment notice "shall direct the violator to either pay the assessment or contest the assessment within 30 days by filing a petition for a contested case under Article 3 of Chapter 150B of the General Statutes").

On 31 October 2000, two months after discovery had closed in the contested case, the North Carolina Shellfish Growers Association ("Shellfish Growers") and the North Carolina Coastal Federation ("Coastal Federation") (collectively "intervenors") moved to intervene as parties.[1] That same day these organizations formally notified Holly Ridge that they intended to bring a federal lawsuit under the Clean Water Act against Holly Ridge based upon the same facts and circumstances that gave rise to the contested case. Intervenors asserted that they should be allowed to intervene in the case at bar to protect their interests in the related federal proceeding.[2] After reviewing intervenors' motion, Holly Ridge's objection, several affidavits, and arguments of counsel, the administrative law judge ("ALJ") on 15 November 2000 ordered that Shellfish Growers and Coastal Federation be "allowed to intervene in this contested case with the full rights of parties, pursuant to N.C. Rule of [Civil] Procedure 24(b), 24(a), and 26 NCAC 03.0117." The ALJ reopened discovery and set time limits for written discovery and depositions. After both Holly Ridge and DENR received separate continuances, the contested case was finally heard during late summer and fall of 2001.

On 20 December 2001, the ALJ issued a recommended decision that affirmed assessment of the 5 March 2000 civil penalty but reduced the amount to $104,180.00, and DENR subsequently issued a final agency decision adopting the ALJ's recommendations in full. Holly Ridge sought judicial review in New Hanover County Superior Court. When that court affirmed the final agency decision, Holly Ridge appealed to the Court of Appeals, which, in a divided opinion,

---

1. Shellfish Growers was founded in 1995 to represent the interests of North Carolinians involved in the shellfish industry, and Coastal Federation was founded in 1982 to promote better stewardship of coastal resources.

2. Shellfish Growers and Coastal Federation have since concluded their federal action. *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs.*, 278 F. Supp. 2d 654 (E.D.N.C. 2003); Consent Decree entered 19 October 2004.

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

affirmed the trial court's order. *Holly Ridge Assocs. v. N.C. Dep't of Env't & Natural Res.*, 176 N.C. App. 594, 627 S.E.2d 326 (2006).

Holly Ridge, appealing on the basis of the dissent, argues that private third parties do not have the right or authority to prosecute civil penalties under applicable North Carolina case law or statutes. Intervenors respond that intervention in this contested case was proper, citing N.C.G.S. § 150B-23(d), 26 NCAC 3 .0117, and this Court's prior holding in *State ex rel. Commissioner of Insurance v. North Carolina Rate Bureau*, 300 N.C. 460, 269 S.E.2d 538 (1980) (granting the ALJ discretion without limitation to allow intervention in a contested case).

An appellate court reviewing a superior court order regarding an agency decision " 'examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly.' " *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (citation omitted). When, as here, "a petitioner contends the [agency's] decision was based on an error of law, de novo review is proper." *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 13, 565 S.E.2d 9, 17 (2002) (citations and internal quotation marks omitted).

[1] Intervention in a contested case hearing is controlled by interlocking statutes. "The Rules of Civil Procedure . . . shall apply in contested cases in the Office of Administrative Hearings (OAH) unless another specific statute or rule of the Office of Administrative Hearings provides otherwise." 26 NCAC 3 .0101(a) (June 2006). The North Carolina Rules of Civil Procedure provide two avenues for intervention: intervention as of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). N.C.G.S. § 1A-1, Rule 24 (2005) ("Rule 24"). Rule 24 has long been interpreted to mean that a successful intervenor under subsection (a) or (b) enters the case as a party. *See, e.g., Leonard E. Warner, Inc. v. Nissan Motor Corp.*, 66 N.C. App. 73, 78, 311 S.E.2d 1, 4 (1984) (stating that a Rule 24 "intervenor is as much a party to the action as the original parties are and has rights equally as broad").

In addition to the Rules of Civil Procedure, the North Carolina Administrative Procedure Act ("APA") applies to this case. N.C.G.S. § 150B-1(e) (2005) ("The contested case provisions of this Chapter

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

apply to all agencies and all proceedings not expressly exempted from the Chapter."). Pursuant to section 150B-23(d):

> Any person may petition to become a party [in a contested case] by filing a motion to intervene in the manner provided in G.S. 1A-1, Rule 24. In addition, any person interested in a contested case may intervene and participate in that proceeding to the extent deemed appropriate by the administrative law judge.

*Id.* § 150B-23(d) (2005). We do not read the second sentence of this APA provision as overriding Rule 24. To the contrary, "statutes *in pari materia* should be construed together and harmonized whenever possible." *State v. Jones*, 359 N.C. 832, 836, 616 S.E.2d 496, 498 (2005) (citing *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980)). Accordingly, a person or entity wishing to intervene in a contested case may choose one of two routes, either to intervene as a party or to participate in a lesser role at the discretion of the ALJ. To intervene with the full rights of a party, the applicant must satisfy the requirements of Rule 24. However, an applicant may instead elect to participate to a lesser extent as deemed appropriate by the ALJ, pursuant to N.C.G.S. § 150B-23(d). In this latter instance, the ALJ has broad discretion to allow such participation.

Intervenors contend our holding in *State ex rel. Commissioner of Insurance v. North Carolina Rate Bureau* requires the ALJ be given unlimited discretion in granting intervention. *See* 300 N.C. at 468, 269 S.E.2d at 543. In *Rate Bureau*, we explained that the second sentence of N.C.G.S. § 150B-23(d) provides the ALJ with unlimited discretion, broader than that granted by Rule 24, in allowing an entity to participate " 'to the extent deemed appropriate.' " *Id.* (citation omitted). Thus, an ALJ has the described discretion to allow participation to those who do not or cannot meet the requirements of Rule 24. However, our holding in that case does not mean that an ALJ has that same broad discretion in granting intervention *with full rights as parties*. Pursuant to the first sentence of N.C.G.S. § 150B-23(d), the ALJ's discretion in granting full rights as parties is limited to those intervenors who meet the conditions set out in Rule 24. Otherwise, a party seeking to intervene could avoid satisfying the requirements of Rule 24 and still obtain the full rights of parties under N.C.G.S. § 150B-23(d). We do not believe that the General Assembly intended to allow such an end run.

[2] Although the ALJ's order also cites 26 NCAC 3 .0117, we need not address separately this provision of the North Carolina Administra-

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

tive Code, which sets out the OAH's procedures and rules for intervention in a contested case. The statutory authority for 26 NCAC 3 .0117 is N.C.G.S. § 150B-23(d). 26 NCAC 3 .0117 (June 2006). Because an administrative rule must be "within the authority delegated to the agency by the General Assembly," N.C.G.S. § 150B-21.9(a)(1), the North Carolina Administrative Code cannot expand the scope of intervention beyond that set out in N.C.G.S. § 150B-23(d).

[3] We begin our analysis of the ALJ's order by considering Rule 24. As a preliminary matter, Rule 24 requires that a motion to intervene be timely. *Id.* § 1A-1, Rule 24. Here, Shellfish Growers and Coastal Federation moved to intervene two months after the close of discovery and one month before the contested case hearing was to begin. The ALJ determined that intervenors' motion, while made "later in the process than would be ideal," was timely. We share the ALJ's disquiet about the tardy filing but acknowledge that, in practice, "[a]s a general rule, motions to intervene made prior to trial are seldom denied." *State Employees' Credit Union, Inc. v. Gentry*, 75 N.C. App. 260, 264, 330 S.E.2d 645, 648 (1985).

The ALJ's order stated that intervention was granted both as of right pursuant to Rule 24(a) and by permission pursuant to Rule 24(b). Assuming without deciding that intervention in the same case is permissible under both sections of Rule 24, we examine each section in turn.

An applicant may seek to intervene as a matter of right pursuant to Rule 24(a) either on the basis of (1) a statute which confers an unconditional right to intervene or (2) an interest in the property or transaction which is the subject of the action when such interest was not adequately represented by the existing parties and would be impaired if intervention were not granted. N.C.G.S. § 1A-1, Rule 24(a). Shellfish Growers and Coastal Federation do not allege an unconditional statutory right to intervene in this case, nor do we find one in our statutes. Accordingly, we review the ALJ's grant of intervention under Rule 24(a) as pursuant to Rule 24(a)(2). We have held that:

> The prospective intervenor seeking such intervention as a matter of right under Rule 24(a)(2) must show that (1) it has a direct and immediate interest relating to the property or transaction, (2) denying intervention would result in a practical impairment of the protection of that interest, and (3) there is inadequate representation of that interest by existing parties.

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

*Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 459, 515 S.E.2d 675, 683 (1999) (citations omitted); *see* N.C.G.S. § 1A-1, Rule 24(a)(2). We review de novo the grant of intervention of right under Rule 24(a). *Harvey Fertilizer & Gas Co. v. Pitt Cty.*, 153 N.C. App. 81, 89, 568 S.E.2d 923, 928 (2002).

Intervenors contend they have direct interests in the Morris Landing Tract because the ditching and draining of that property could result in excessive turbidity and sediment being transported to shellfish waters, which would jeopardize those waters and cause them to be closed to the taking of shellfish for human consumption. Intervenors assert they will suffer economic and environmental losses if Holly Ridge is found to be exempt from SPCA erosion control requirements, an issue to be decided during the contested case.

While intervenors' allegations of injury could be an appropriate basis for Shellfish Growers and Coastal Federation to participate in the proceedings as amici curiae to argue the reasons they believe Holly Ridge is not exempt from the SPCA or to file a private claim under the SPCA requesting damages, enforcement of the SPCA, injunctive relief, or some combination of these remedies, *see* N.C.G.S. § 113A-66 (explaining requirements for civil relief under SPCA), the injuries alleged are not the kind of direct interest required for intervention of right here. To satisfy the requirements for intervention as of right, Shellfish Growers and Coastal Federation must have a "direct and immediate interest relating to the property or transaction" that is the subject of the contested case. *See Virmani*, 350 N.C. at 459, 515 S.E.2d at 683. While intervenors have a general interest in an underlying issue of the contested case, whether Holly Ridge is exempt from the SPCA, they do not have a direct interest in the civil penalty imposed by DENR, which is the "property or transaction" at issue here. *See* N.C.G.S. § 113A-64(a)(5) (2005) ("The clear proceeds of civil penalties collected by [DENR] . . . shall be remitted to the Civil Penalty and Forfeiture Fund in accordance with G.S. 115C-457.2."). Accordingly, the ALJ erred by granting intervention as of right pursuant to Rule 24(a).

[4] The ALJ also allowed permissive intervention pursuant to Rule 24(b). An applicant may be granted permissive intervention when a statute allows such a conditional right or when the applicant's claim or defense has a question of law or fact in common with the main action. *Id.* § 1A-1, Rule 24(b). "[P]ermissive intervention by a private party under Rule 24(b) rests within the sound discretion of the trial

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

court and will not be disturbed on appeal unless there was an abuse of discretion." *Virmani*, 350 N.C. at 460, 515 S.E.2d at 683 (citations omitted).

"Rule 24(b)(2) expressly requires that in exercising discretion as to whether to allow permissive intervention, 'the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.' " *Id.* (quoting N.C.G.S. § 1A-1, Rule 24(b)). Holly Ridge commenced this contested case to assert that it was entitled to relief from civil penalties imposed by DENR. Consequently, Holly Ridge bore the burden of proving its land-disturbing activities were exempt from the SPCA and that DENR erred in calculating the amount of the penalty assessed. N.C.G.S. § 150B-23(a) (instructing the petitioner in a contested case to state "facts tending to establish" the named agency's error in assessing a civil penalty); *see Peace v. Employment Sec. Comm'n*, 349 N.C. 315, 328, 507 S.E.2d 272, 281 (1998) (placing the burden of proof on the petitioner-employee in a contested case regarding the validity of a "just cause" termination); *Overcash v. N.C. Dep't of Env't & Natural Res.*, —— N.C. App. ——, ——, 635 S.E.2d 442, 444-45 (2006) ("[C]ontrolling case law places the burden of proof on the petitioner in an administrative contested case proceeding to prove that he is entitled to relief from an agency decision . . . ."), *disc. review denied*, 361 N.C. 220, 642 S.E.2d 445 (2007). DENR bore the burden of proving that Holly Ridge violated the SPCA.

In his order allowing Shellfish Growers and Coastal Federation to intervene as parties, the ALJ reopened discovery in the case.[3] Intervenors thereby obtained evidence they could use in their upcoming federal action against Holly Ridge. In addition, by intervening as respondents in this case, intervenors avoided having to shoulder alone the burden of proof they would have had if they had pursued a separate action under the SPCA against Holly Ridge, pursuant to N.C.G.S. § 113A-66. Balanced against these significant benefits to intervenors is the additional burden on Holly Ridge. The time and expense involved in a second, unanticipated round of discovery was prejudicial to Holly Ridge, as was the requirement that Holly Ridge meet its burden of proof against both intervenors and the State agency authorized to impose the civil penalty. In addition, DENR

---

3. Although the period set for discovery by the original scheduling order had passed, an ALJ has authority to allow discovery up until the first day of the contested case hearing and, if necessary, during the pendency of the hearing. *See* N.C.G.S. § 150B-33(b)(4) (2005); 26 NCAC 3 .0112(e) (June 2006).

HOLLY RIDGE ASSOCS., LLC v. N.C. DEP'T OF ENV'T & NATURAL RES.

[361 N.C. 531 (2007)]

received a windfall from Shellfish Growers and Coastal Federation's intervention because it obtained the benefit of additional discovery concerning Holly Ridge without having to provide Holy Ridge with any additional discovery and gained a partner in meeting its burden of proof that Holly Ridge violated the SPCA. Counsel for Holly Ridge stated during oral argument that Holly Ridge was compelled to change its trial strategy late in the process due to the evidence produced through this second round of discovery and intervenors' ability as full parties in the proceeding to cross-examine witnesses separately from DENR. In light of the resulting prejudice to Holly Ridge, we hold that the ALJ abused his discretion in allowing permissive intervention pursuant to Rule 24(b).

Our analysis is consistent with sound policy. To proceed in this contested case hearing as the party aggrieved, Holly Ridge had to allege that DENR had "ordered [Holly Ridge] to pay a . . . civil penalty . . . and that the agency: (1) Exceeded its authority or jurisdiction; (2) Acted erroneously; (3) Failed to use proper procedure; (4) Acted arbitrarily or capriciously; or (5) Failed to act as required by law or rule." N.C.G.S. § 150B-23(a). Because intervenors could not have imposed a civil penalty, they could not have been respondents in the first instance and are not properly participants in the case now as intervenor-respondents.

Our intent is not to change well-established law pertaining to intervention. While the laudable purpose of Rule 24 intervention is generally to promote efficiency and avoid delay and multiplicity of suits, we conclude that under the circumstances presented here, Shellfish Growers and Coastal Federation should not have been permitted to intervene as parties. Our holding does not mean that intervenors, who also brought suit as plaintiffs in federal court, lacked recourse in state court. As noted above, they could have sought to participate as amici curiae in the contested case proceeding. In addition, they could have filed a separate suit as private entities seeking redress under N.C.G.S. § 113A-66, or they could have sought participation pursuant to N.C.G.S. § 150B-23(d). However, under the circumstances presented here, intervenors were not entitled to the status accorded parties in a contested case.

Accordingly, we reverse the Court of Appeals and remand to that court for further remand to New Hanover County Superior Court for additional proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

Justices TIMMONS-GOODSON and HUDSON did not participate in the consideration or decision in this case.