Justice EDMUNDS
dissenting.
I believe the majority opinion incorrectly restricts the reach of N.C.G.S. § 113A-66(a) by giving State and local agencies gatekeeping powers nowhere found or implied in Chapter 113A. Under the majority’s interpretation, a plaintiff may not seek redress against a party under this statute unless a violation notice has been issued to that party. In other words, a plaintiff must wait and see whether a governmental body such as the GNRD or the North Carolina Division of Water Quality will exercise its unbridled discretion to issue a violation notice before that plaintiff can bring a civil action under section 113A-66. Applying that reasoning here, the majority concludes that, because the GNRD chose for whatever reason not to issue a notice of violation to defendant Hunter, plaintiff has no recourse and simply has to write off section 113A-66 as a source of relief. I find problematic the majority’s holding that the statute is triggered not by a plaintiff’s injury but by an administrative decision whether to issue a violation notice. Allowing an injured plaintiff to seek redress is not an “absurd result” as the majority states; rather, it is precisely what the statute allows.
In its analysis, the majority misreads subsection 113A-66(a). That statute creates two bases for a claim. The first applies when a plaintiff is “injured by a violation of this Article or any ordinance, rule, or order duly adopted by the Secretary or a local government.” N.C.G.S. § 113A-66(a) (2011). The second applies when a plaintiff is injured “by the initiation or continuation of a land-disturbing activity for which an erosion and sedimentation control plan is required other than in accordance with the terms, conditions, and provisions of an approved plan.” Id. Under either circumstance, an injured plaintiff may bring suit using subsection 113A-66(a) “against the person *526 alleged to be in violation.” Id. The statute as written does not require plaintiff to await action by the GNRD or by anyone else. Here, relying on the second basis, the injured plaintiff brought suit against a defendant alleged to be “engaged in land-disturbing activity . . . without installing erosion and sedimentation control devices” and “without filing or complying with erosion and sedimentation control plans with the governing agency.” This allegation is sufficient to confer standing.
The gatekeeping function created today serves to limit the remedies available to an injured plaintiff. Holly Ridge Associates, LLC v. North Carolina Department of Environment & Natural Resources, 361 N.C. 531, 648 S.E.2d 830 (2007), cited by the majority, is not to the contrary. In Holly Ridge, the defendant had already been issued Notices of Violations and assessed several civil penalties by the time suit was brought under the Sedimentation Pollution Control Act. Id. at 533-34, 648 S.E.2d at 833. Consequently, Holly Ridge gives little guidance in the case at bar.
Because I believe that subsection 113A-66(a) gives plaintiff standing, I respectfully dissent from the majority holding.
Justice HUDSON joins in this dissenting opinion.