IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-321

Filed: 5 January 2016

Henderson County, No. 14 CVS 386

WILSON FUNERAL DIRECTORS, INC. and PAUL E. WILSON, Petitioners,

v.

NORTH CAROLINA BOARD OF FUNERAL SERVICE, Respondent.

Appeal by respondent from Order entered 25 September 2014 by Judge C. Phillip Ginn in Henderson County Superior Court. Heard in the Court of Appeals 5 October 2015.

> *North Carolina Board of Funeral Service, by Stephen Dirksen and Catherine Lee for respondent-appellant.*
>
> *No brief filed for petitioners-appellees.*

ELMORE, Judge.

Respondent Board issued a final agency decision revoking the funeral establishment permit, preneed establishment license, and all ancillary preneed sales licenses of petitioner Wilson Funeral Directors, Inc., as well as the funeral service license and preneed sales license of petitioner Paul E. Wilson. On judicial review, the trial court reversed the Final Agency Decision, concluding that it was made in excess of the Board's statutory authority, made upon unlawful procedure, and affected by error of law. We reverse the trial court's Order on Judicial Review.

## I. Background

On 14 December 2012, the North Carolina Board of Funeral Service (the Board) initiated an administrative proceeding against Wilson Funeral Directors, Inc., and its licensed operator, Paul E. Wilson (petitioners), for alleged violations in the practice of funeral service. A show cause hearing was held on 11 December 2013, with petitioners appearing *pro se*. A quorum consisting of seven members of the nine-member Board was present: Harris High, J.T. Willoughby III, Ken Stainback, Lawrence Jackson III, Stephen Aldridge III, John Shields, and Broadus Combs. Mr. Willoughby and Mr. High were serving terms set to expire on 31 December 2013.

At the conclusion of the hearing, the Board asked petitioners if they would prefer the Board enter into a closed session and render a decision that same day, 11 December 2013, or alternatively, if petitioners would prefer to submit a proposed decision within thirty days for the Board to consider at a subsequent hearing. Mr. High, the presiding officer, informed petitioners that he and Mr. Willoughby would not participate in any subsequent hearings or vote on decisions related to petitioners' case. Petitioners opted to submit a proposed decision to be considered at a subsequent hearing, which was scheduled for 8 January 2014. Petitioners did not object to a subsequent hearing date or to new members participating in the next hearing.

The second hearing was held as scheduled on 8 January 2014, with petitioners, again, appearing *pro se*. A quorum of the Board was present with five members,

including four who participated in the first hearing: Mr. Stainback, Mr. Jackson, Mr. Shields, and Mr. Aldridge. The fifth member, Elizabeth Williams-Smith, had replaced Mr. Willoughby's seat on the Board.[1] After deliberating in executive session, the Board voted unanimously to accept its own proposed findings of fact and conclusions of law in a final agency decision. The Final Agency Decision, served on petitioners 4 March 2014, revoked petitioners' funeral establishment permit, funeral service license, preneed establishment license, and preneed sales licenses.

Petitioners filed a petition for judicial review of the Board's Final Agency Decision in Henderson County Superior Court. The trial court reversed the Final Agency Decision, concluding that it was made in excess of the Board's statutory authority, made upon unlawful procedure, and affected by error of law.[2] Specifically, the trial court noted that a "majority of the Respondent's Board must be present for and conduct the administrative hearing *in its entirety*[,]" and because only four Board members were present for and conducted both hearings, the administrative hearing was not conducted by a majority of the agency as required by N.C. Gen. Stat. § 150B-40(b). The Board appeals the trial court's order reversing the Final Agency Decision.

## II. Discussion

---

[1] Elizabeth Williams-Smith and Charles J. Graves replaced Mr. Willoughby and Mr. High on the Board. Mr. Graves attended the hearing on 8 January 2014, but recused himself from voting in the matter.

[2] Although the trial court's order expressed these rulings as findings, they are properly characterized as conclusions.

The Board challenges the trial court's order on two separate grounds. First, the Board argues that petitioners waived any right to object to the procedures used because they requested a subsequent hearing and had notice of the anticipated change in the Board's composition. Second, the Board contends that the trial court erred in finding that the administrative hearing was not conducted by "a majority of the agency" pursuant to N.C. Gen. Stat. § 150B-40(b).

On judicial review of a final agency decision, the trial court may reverse or modify the decision if it determines that the petitioner's substantial rights may have been prejudiced from findings, inferences, conclusions, or decisions that are (1) in violation of constitutional provisions, (2) in excess of the agency's statutory authority, (3) made upon unlawful procedure, (4) affected by other error of law, (5) unsupported by substantial evidence, or (6) arbitrary, capricious, or an abuse of discretion. N.C. Gen. Stat. § 150B-51(b) (2013). This Court's task, in turn, "is to examine the trial court's order for error of law by '(1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) determining whether the court did so properly'." *Bulloch v. N.C. Dep't of Crime Control & Pub. Safety*, 223 N.C. App. 1, 4, 732 S.E.2d 373, 377 (2012) (quoting *Holly Ridge Assocs., LLC v. N.C. Dep't of Env't & Natural Res.*, 361 N.C. 531, 535, 648 S.E.2d 830, 834 (2007)). We review *de novo* alleged errors based on violations of subsections 150B-51(b)(1)–(4). *Id.* (citing *N.C.*

*Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 658–59, 599 S.E.2d 888, 894 (2004)).

We agree with the Board that petitioners waived the right to object to the procedures used in the administrative proceeding.

> A litigant may not remain mute in an administrative hearing, await the outcome of the agency decision, and, if it is unfavorable, then attack it on the ground of asserted procedural defects not called to the agency's attention when, if in fact they were defects, they would have been correctible.

*Nantz v. Emp't Sec. Comm'n*, 28 N.C. App. 626, 630, 222 S.E.2d 474, 477 (citing *First-Citizens Bank & Trust Co. v. Camp*, 409 F.2d 1086 (4th Cir. 1969)) (rejecting petitioner's contention that her Fifth Amendment rights were violated in administrative hearing where she raised privilege for the first time in superior court), *aff'd*, 290 N.C. 473, 226 S.E.2d 340 (1976); *see also First-Citizens*, 409 F.2d at 1088–89 (noting that plaintiff's right to challenge "fairness" of administrative hearings in which personnel comprising the panel changed between sessions was "suspect" where plaintiff raised no such objection at administrative stage); *Evans v. Fran-Char Corp.*, 45 N.C. App. 94, 96, 262 S.E.2d 381, 383 (1980) (holding that superior court was without authority to hear claimant's argument that he was denied a full and fair hearing before Commission due to missing testimony where he raised issue for the first time in petition before superior court).

At the first hearing, Mr. High informed petitioners that two members of the seven-member quorum would not attend the second hearing. At the second hearing, Mr. Stainback took notice that Mr. Combs, who was present during the first hearing, was not present in the quorum. At that point, petitioners should have been aware that only four of the original Board members would be participating in the second hearing and Final Agency Decision. Because petitioners had the opportunity to object to the alleged errors but failed to do so, the trial court was not authorized to hear petitioners' appeal on the grounds asserted. *See Evans*, 45 N.C. App. at 96, 262 S.E.2d at 383 ("The Superior Court was not authorized to hear grounds for remand which could have been presented to the reviewing administrative agency but were not.").

Assuming, however, that the issue was nevertheless preserved, we also agree with the Board that the trial court erred in finding that the administrative hearing in this matter was not conducted by a "majority of the agency," as required by N.C. Gen. Stat. § 150B-40(b) (2013). The trial court interpreted this provision to mean "that in conducting an administrative hearing, the required majority of the Respondent's Board must be present for and conduct the administrative hearing *in its entirety*, including the adoption of the Board's Final Agency Decision." Because only four members of the nine-member Board were present for and conducted the entire administrative hearing, the trial court determined that the Final Agency

Decision was made in excess of the Board's statutory authority, made upon unlawful procedure, and affected by error of law.

In *Crawford v. Wayne County Board of Education*, our Supreme Court held that "due process and the concept of a fair hearing require only that an administrative officer who was absent when the evidence was taken consider and appraise the evidence himself." *Crawford v. Wayne Cnty. Bd. of Educ.*, 275 N.C. 354, 360, 168 S.E.2d 33, 37 (1969) (citing *Morgan v. United States*, 298 U.S. 468, 80 L. Ed. 1288 (1936)); *see also State ex rel. Banking Comm'n v. Bank of Rocky Mount*, 12 N.C. App. 112, 114, 182 S.E.2d 625, 626 (1971) (holding that Banking Commission member absent from hearing could vote in final agency decision where he reviewed transcript of hearing before issuing decision). The court also recognized, however, that "there are some decisions reaching a contrary result upon specific statutes involved, and not as a matter of due process, . . . ." *Crawford*, 275 N.C. at 361, 168 S.E.2d at 37.

On judicial review to the trial court, petitioners challenged the Final Agency Decision on statutory grounds, rather than due process. The issue here, therefore, is whether the North Carolina Administrative Procedure Act demands a result different from that in *Crawford*, or more specifically, whether N.C. Gen. Stat. § 150B-40(b) requires the same majority of the Board to be present for and conduct the hearing in its entirety, including the Final Agency Decision.

"Issues of statutory construction are questions of law, reviewed *de novo* on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citing *Moody v. Sears Roebuck & Co.*, 191 N.C. App. 256, 264, 664 S.E.2d 569, 575 (2008)). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *Craig v. New Hanover Cnty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (quoting *In re Appeal of The Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

"Statutory interpretation properly begins with an examination of the plain words of the statute." *Correll v. Div. of Soc. Servs.,* 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citing *Electric Supply Co. v. Swain Elec. Co.*, 328 N.C. 641, 656, 403 S.E.2d 291, 294 (1991)). "When the language of a statute is clear and unambiguous, there is no room for judicial construction, and the courts must give it its plain and definite meaning." *Lemons v. Old Hickory Council, BSA, Inc.,* 322 N.C. 271, 276, 367 S.E.2d 655, 658 (1988) (citations omitted). "Therefore, 'a statute clear on its face must be enforced as written.' " *Lanvale Props., LLC v. Cnty. of Cabarrus*, 366 N.C. 142, 154, 731 S.E.2d 800, 810 (2012) (quoting *Bowers v. City of High Point,* 339 N.C. 413, 419–20, 451 S.E.2d 284, 289 (1994)).

The North Carolina Administrative Procedure Act (NCAPA) "establishes a uniform system of administrative rule making and adjudicatory procedures for agencies" to "ensure that the functions of rule making, investigation, advocacy, and

adjudication are not all performed by the same person in the administrative process." N.C. Gen. Stat. § 150B-1(a) (2013). Article 3A of the NCAPA establishes procedures for administrative hearings conducted by occupational licensing agencies, including the North Carolina Board of Funeral Service, in "contested cases." N.C. Gen. Stat. § 150B-38(a)(1) (2013); 21 N.C. Admin. Code 34A.0109 (2014). A "contested case" refers to "an administrative proceeding . . . to resolve a dispute between an agency and another person that involves the person's rights, duties, or privileges, including licensing or the levy of a monetary penalty." N.C. Gen. Stat. § 150B-2(2) (2013). In each contested case, an agency must give the parties an opportunity for a hearing before the agency renders a final decision. N.C. Gen. Stat. § 150B-38(b) (2013). At the hearing, the parties may "present evidence on issues of fact, examine and cross-examine witnesses, . . . submit rebuttal evidence, and present arguments on issues of law or policy." N.C. Gen. Stat. § 150B-40(a) (2013).

The conduct of hearings under Article 3A is governed by N.C. Gen. Stat. § 150B-40, which provides, in pertinent part, as follows:

> (b) Except as provided under subsection (e) of this section, *hearings under this Article shall be conducted by a majority of the agency.*
>
> . . . .
>
> (e) *When a majority of an agency is unable or elects not to hear a contested case*, the agency shall apply to the Director of the Office of Administrative Hearings for the designation of an administrative law judge to preside at the hearing of

a contested case under this Article.

N.C. Gen. Stat. § 150B-40(b), (e) (2013) (emphasis added).

Contrary to the trial court's interpretation, we do not read section 150B-40(b) to require the *same* "required majority of the Board to be present for and conduct the administrative hearing *in its entirety*, including the adoption of the Board's Final Agency Decision." While due process demands that a substitute board member "consider and appraise the evidence himself," *Crawford*, 275 N.C. at 360, 168 S.E.2d at 37, the statute imposes no limitation on the particular composition of a required numerical majority. The text only refers to "majority" in the indefinite: section 150B-40(b) requires hearings under Article 3A to be conducted by "*a majority of the agency*," and section 150B-40(e) establishes alternative procedures "when *a majority* is unable or elects not to hear a contested case." The phrase "in its entirety" does not appear in the statute; nor do we believe it is reasonably implied. To interpret such a requirement from the text of the statute, as the trial court did, would violate the canon *casus omissus pro omisso habendus est*, or "a case omitted is to be held as intentionally omitted." Therefore, absent a specific legislative mandate to the contrary, we decline to read such a requirement into the statute.

### III. Conclusion

The trial court erred in reversing the Board's Final Agency Decision. Petitioners waived the right to challenge the Final Agency Decisions based on alleged

erroneous procedures to which they acquiesced and raised no objection during the administrative stage. In any event, we disagree with the trial court's interpretation of N.C. Gen. Stat. § 150B-40(b) and its conclusion that the Final Agency Decision was made in excess of the Board's statutory authority, made upon unlawful procedure, and affected by error of law. Therefore, we reverse the trial court's Order on Judicial Review.

REVERSED.

Chief Judge McGEE and Judge INMAN concur.