An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-613

Filed 4 June 2025

Transylvania County, No. 23CVS000222-870

CHRISTOPHER R. MOONEY, Petitioner,

v.

N.C. DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF SOCIAL SERVICES, CHILD SUPPORT ENFORCEMENT SECTION, Respondent.

Appeal by Petitioner from Order entered 19 February 2024 by Judge Steve Warren in Transylvania County Superior Court. Heard in the Court of Appeals 12 February 2025.

*Christopher R. Mooney, pro-se Petitioner-Appellant.*

*Attorney General Jeff Jackson, by Assistant Attorney General Janelle E. Varley, for Respondent-Appellee.*

HAMPSON, Judge.

## **Factual and Procedural Background**

Christopher R. Mooney (Petitioner) appeals from an Order affirming the Office of Administrative Hearings' Final Decision granting North Carolina Department of Health and Human Services, Division of Social Services, Child Support Enforcement Section's (Respondent) Motion for Summary Judgment. The Record before us tends

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

to reflect the following:

On or about 1 October 2022, Respondent issued Petitioner a Notice of Intent to Intercept and Statement of Account. The Notice of Intercept stated Petitioner owed $758.74 in unpaid child support and if Petitioner did not make payment in full to Respondent within thirty days, Petitioner's name would be submitted to the North Carolina Department of Revenue for interception of his state income tax refund, federal income tax refund, and/or administrative offset.

On 5 December 2022, Petitioner filed a Petition for a Contested Case Hearing, contesting the referral of his name for tax intercept and administrative offset, and alleging "evidence exists that the notice of intercept may be based on defamation or slanderous efforts, discrimination" and "the current order under which this notice of intercept is based was serviced upon the petitioner, but it is not the petitioner's information." On 17 and 23 January 2023, Petitioner filed Amended Petitions alleging the same.

On 28 March 2023, Respondent filed a Motion for Summary Judgment wherein it alleged there were no genuine issues of material fact as to its right to collect the debt owed to it via Petitioner's tax refunds and an administrative offset. In support of its Motion, Respondent filed a certified copy of a child support order entered in Transylvania County District Court, ordering Petitioner to pay $50.00 per month in child support beginning 1 December 2015 and $50.00 per month toward an arrears balance of $150.00 beginning 1 March 2016; and a subsequent order increasing

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

Petitioner's child support payments to $158.00 per month effective 1 April 2021 and establishing his arrears balance as $0.00 as of 24 March 2021. Respondent also filed Automated Collection and Tracking System reports documenting the history of Petitioner's child support payments and an Arrears Worksheet; together these documents indicated Petitioner owed $662.74 as of 1 October 2022, $786.74 as of 1 December 2022, and $554.72 as of 23 March 2023.

On 10 April 2023, Petitioner filed a Response and Objection to Respondent's Motion for Summary Judgment. In his Response, Petitioner argued he was not properly served the Notice of Intercept and the Transylvania County District Court had improperly calculated his monthly child support payments.

The matter was heard before an Administrative Law Judge (ALJ) in the Office of Administrative Hearings. On 12 April 2023, the ALJ entered a Final Decision granting Respondent's Motion for Summary Judgment. In the Final Decision, the ALJ concluded no genuine issue of material fact exists as to the amount of child support arrears Petitioner owed and Respondent's right to collect that debt from Petitioner's tax returns and administrative offset. The ALJ also noted she did not have jurisdiction to address Petitioner's arguments that his child support payments were improperly calculated nor did she have jurisdiction to modify the child support order.

A copy of the Final Decision was served on Petitioner on 12 April 2023. On 25 May 2023, Petitioner filed a Petition for Judicial Review, wherein he alleged he was

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

improperly served the Notice of Intercept and that the Final Decision may have run afoul of 42 U.S.C §§ 654, 664, and 666.[1] Petitioner's appeal was heard before the trial court on 19 February 2024. That same day, the trial court entered an Order affirming the Final Decision.

On 29 February 2024, Petitioner filed a Motion for New Trial/Hearing and a Motion to Set Aside Order. On 19 March 2024, Petitioner timely filed Notice of Appeal to this Court.

## Issues

The issues on appeal are whether: (I) the trial court erred in affirming the Final Decision; and (II) there are clerical errors in the trial court's Order requiring correction.

## Analysis

I.      Final Decision

Our review of a trial court's determination as to an agency decision is governed by N.C. Gen. Stat. § 150B-52: "The scope of review to be applied by the appellate court under this section is the same as it is for other civil cases." "Thus, our appellate courts have recognized that the proper appellate standard for reviewing a superior court order examining a final agency decision is to examine the order for errors of

---

[1] Although the party seeking judicial review of an administrative decision must file their petition within thirty days of being served with a written copy of the decision, the trial court may accept an untimely petition for good cause shown. *See* N.C. Gen. Stat. § 150B-45(a) (2023).

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

law." *EnvironmentaLEE v. N.C. Dep't of Env't & Nat. Res.*, 258 N.C. App. 590, 595, 813 S.E.2d 673, 677 (2018) (alteration, citation, and quotation marks omitted). "The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Holly Ridge Assocs., LLC v. N.C. Dep't of Env't & Nat. Res.*, 361 N.C. 531, 535, 648 S.E.2d 830, 834 (2007) (citation and quotation marks omitted). "[T]he [trial] court's findings of fact shall be upheld if supported by substantial evidence." N.C. Gen. Stat. § 150B-52 (2023). "As in other civil cases, we review errors of law *de novo*." *EnvironmentaLEE.*, 258 N.C. App. at 595, 813 S.E.2d at 677 (citation and quotation marks omitted).

When a petitioner asserts the findings or conclusions in an agency decision are "(1) In violation of constitutional provisions; (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge; (3) Made upon unlawful procedure; [or] (4) Affected by other error of law[,]" the appropriate standard of review for the trial court is de novo. N.C. Gen. Stat. § 150B-51(b), (c) (2023). Here, Petitioner argued before the trial court the Notice of Intercept was not properly served on him and the Final Decision may have run afoul of federal statutes governing child support, collection of past-due support, and child support enforcement. *See* 42 U.S.C.A. §§ 654, 664, 666 (West 2025). The trial court determined the arguments raised by Petitioner "essentially contend that the Final Decision was in excess of statutory authority, or made upon unlawful procedure or affected by other errors of

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

law[,]" and, accordingly, conducted de novo review of the Final Decision. *See* N.C. Gen. Stat. § 150B-51(b), (c) (2023); *see also Holly Ridge Assocs., LLC*, 361 N.C. at 535, 648 S.E.2d at 834 ("When . . . a petitioner contends the [agency's] decision was based on an error of law, de novo review is proper." (alteration in original) (citation and quotation marks omitted)). Thus, the dispositive question before this Court is whether the trial court did so properly. *See Holly Ridge Assocs., LLC*, 361 N.C. at 535, 648 S.E.2d at 834.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023). "A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim." *Lowe v. Bradford*, 305 N.C. 366, 369, 289 S.E.2d 363, 366 (1982) (citations omitted). "If the moving party meets this burden, the non-moving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so." *Id.* (citations omitted). "The non-moving party 'may not rest upon the mere allegations of his pleadings.' " *Id.* at 370 (quoting N.C. Gen. Stat. § 1A-1, Rule 56(e)).

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

In the case *sub judice*, it is undisputed that a state agency generally may intercept a state income tax refund to collect a debt owed to it under N.C. Gen. Stat. § 105A *et seq.* "Debt" as defined under the statute includes: "A sum a claimant agency is authorized or required by law to collect, such as child support payments collectible under Title IV, Part D of the Social Security Act." N.C. Gen. Stat. § 105A-2(2)(b) (2023). The threshold amount for interception of a state income tax refund is $50.00. N.C. Gen. Stat. § 105A-4 (2023).

Likewise, "[u]nder United States law, a state agency may intercept an individual's federal income-tax refund when the parent owes 'past-due [child] support.'" *Davis v. N.C. Dep't of Human Res.*, 349 N.C. 208, 210, 505 S.E.2d 77, 78 (1998) (alteration in original) (quoting 42 U.S.C. § 664 (1990)). The threshold amount for interception of a federal income tax refund and administrative offset is $500.00 and $25.00, respectively. 42 U.S.C.A. § 664(b)(2)(A) (West 2025); 31 C.F.R. § 285.1(e) (2025).

Petitioner contends errors in the Transylvania County District Court's child support order resulted in the miscalculation of his child support payments. However, as the ALJ acknowledged in the Final Decision, the ALJ's review in a contested case is limited to whether a debt exists and the amount of the debt. Moreover, only a

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

district court has jurisdiction to modify an existing child support order.[2] *See* N.C. Gen. Stat. § 105A-8(c) (2023) ("A decision made after a hearing under this section must determine whether a debt is owed to the State agency and the amount of the debt."); *id.* § 7A-244 (2023) ("The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for . . . child support[.]").

Further, Petitioner concedes the intercepted funds at issue in this case were ultimately returned to him. Although he was paid interest on the intercepted state funds, Petitioner contends he is also owed interest on the intercepted federal funds. However, Petitioner cites no authority—and we know of none—indicating he is entitled to recover interest accrued on an intercepted federal income tax refund. Under N.C. Gen. Stat. § 105A-8(d), "[a] State agency that returns a refund to a taxpayer under this subsection must pay from the State agency's funds any interest that has accrued since the fifth day after the Department mailed the notice of setoff to the taxpayer." Specifically, a "refund" under the statute means "a debtor's *North Carolina* tax refund". *See* N.C. Gen. Stat. § 105A-2(8) (2023) (emphasis added). Thus, we cannot say Petitioner is entitled to recover interest on the intercepted federal funds.

---

[2] A modification of the child support order may be heard in the district court. *See* N.C. Gen. Stat. § 50-13.7 (2023) ("An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested subject to the limitations of G.S. 50-13.10.").

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

Here, Respondent introduced undisputed evidence tending to show Petitioner was delinquent on $662.74 in child support payments at the time Respondent issued the Notice of Intercept. This amount is above the thresholds for interception of state and federal income tax refunds and administrative offset. *See* N.C. Gen. Stat. § 105A-4 (2023); 42 U.S.C.A. § 664(b)(2)(A) (West 2025); 31 C.F.R. § 285.1(e) (2025). Thus, no genuine issue as to any material fact exists regarding the amount of debt Petitioner owed Respondent and whether it met the threshold for interception of his tax refunds and administrative offset. Therefore, the ALJ properly granted summary judgment for Respondent. Consequently, the trial court did not err in affirming the Final Decision.

II.    Clerical Errors

A clerical error is "an error resulting from a minor mistake or inadvertence, [especially] in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Taylor*, 156 N.C. App. 172, 177, 576 S.E.2d 114, 117-18 (2003) (citations and quotation marks omitted). "When, on appeal, a clerical error is discovered in the trial court's judgment or order, it is appropriate to remand the case to the trial court for correction because of the importance that the record speak the truth." *State v. Smith*, 188 N.C. App. 842, 845, 656 S.E.2d 695, 696 (2008) (citation and quotation marks omitted).

Petitioner contends there are two typographical errors in the trial court's Order. First, the Order is file-stamped 19 February 2024, but the date is incorrectly

MOONEY V. NCDHHS, DIV. OF SOC. SERVS., CHILD SUPPORT ENF'T SEC.

*Opinion of the Court*

recorded as 19 February 2023 at the bottom of the Order. Second, the heading on the Order references Henderson County, rather than Transylvania County where the Petition was filed. Respondent does not object to remanding this case for the sole purpose of correcting those errors. Thus, we remand this case to the trial court for correction of the date and county transcribed in its Order. *Id.*

## **Conclusion**

Accordingly, for the foregoing reasons, we affirm the trial court's Order on Petition for Judicial Review. We remand this matter to the trial court for the limited purpose of correcting the errors in its Order as set forth above.


AFFIRMED; REMANDED FOR CORRECTION OF CLERICAL ERRORS.

Judges TYSON and GRIFFIN concur.

Report per Rule 30(e).