STATE OF NORTH CAROLINA Ex Rel. W. K. McLEAN, Solicitor for the Nineteenth Judicial District, v. MRS. ANNIE TOWNSEND.

(Filed 17 September, 1947.)

**1. Nuisance § 7—**

In the absence of statutory provision, a suit to abate a public nuisance, except at the instance of an individual who suffers special damage, may be maintained only by the State on relation of its Attorney-General and not on the relation of the Solicitor of the District.

**2. Same—**

A suit to abate a public nuisance as defined by G. S., 90-103, cannot be maintained under G. S., 19-2 to 19-8.

Plaintiff's appeal from *Gwyn, J.,* at May Term, 1947, of Buncombe.

*Cecil C. Jackson for plaintiff, appellant.*
*No counsel contra.*

Seawell, J. This suit was brought to abate what is charged to be a public nuisance in the City of Asheville, being maintained by defendant in the unlawful keeping and sale of narcotics, and vending the same to addicts, and to others for redistribution, and administering narcotic drugs to them by hypodermic subcutaneous injection on the premises. The place was frequented by a large number of persons, all during the day and until 12 o'clock or afterward at night, many of them narcotic drug addicts, and at times the habitues and proprietress were boisterous and profane.

Instruments and equipment for drug injections were found when the premises were raided by the officers and many evidences of their exten-

sive use were found. The evidence was clearly sufficient to classify the place as a nuisance under G. S., 90-103 (see Narcotic Drug Act) and to convict the defendant for its maintenance and the unlawful keeping and dealing in narcotics and the syringes *et cetera* used in their injection.

The action is brought, however, as a civil suit for the abatement of a public nuisance, by the State on relation of the Solicitor of the 19th Judicial District, and appears to have been based on G. S., 19-2 to 19-8, a statute confined to abating nuisance created by prostitution, gambling or illegal sale of whiskey, and the method of abatement sought follows that pattern.

It is to be noted that the Narcotic Drug Act, G. S., Article 5, 90-86 to 90-113, while it declares and defines a public nuisance—Sec. 90-103— does not provide specifically for its abatement; and by declaring the building, boat, aircraft, or whatnot to be the nuisance, and not providing for its confiscation or effectual means to secure discontinuance of its nefarious use, rather embarrasses the common law, which modern conceptions of nuisance have somewhat outrun, with respect to the remedy.

Be that as it may, in the absence of statutory authority we are of the opinion that although the nuisance complained of, and its abatement, is of special concern to the City of Asheville, the instant case is subject to two serious defects: First, it is a public nuisance. In the absence of statute and barring those instances where an individual may take action because of his special damage over and above that suffered by other members of the general public, "The State is the proper party to complain of wrongs done to its citizens by a public nuisance"; *Pedrick v. R. R.,* 143 N. C., 485, 498, 55 S. E., 877. And we are of the opinion that this must be done, as heretofore, on the relation of its Attorney-General. 39 Am. Jur., p. 376, Sec. 123, n. 22. Second, we do not find G. S., 19-2 to 19-8, under which this proceeding appears to have been brought and prosecuted, applicable. *S. v. Alverson,* 225 N. C., 29, 33 S. E. (2d), 135.

If there is any reason why those who are responsible for this heinous offense against society and open violation of the narcotic laws may not be adequately punished in a criminal case, we fail to perceive it. But as for the present proceedings, for the reasons stated, we are unable to sustain it.

The judgment of nonsuit is

Affirmed.