LAURA M. KOENIG, TRUSTEE, AND SALVATORE P. RUSSO, TRUSTEE, PLAINTIFFS v. TOWN OF KURE BEACH, DEFENDANT, AND JOHN J. McCABE; DOUGLAS YORK; JETTIE PAYNE; GENE BOWERS; AND ROBERT AND PAMELA FINLEY, INTERVENORS

No. COA05-653

(Filed 18 July 2006)

**Easements— public prescriptive easement—lack of standing**

The trial court did not err in a declaratory judgment action seeking to quiet title in a public access easement by granting plaintiffs' motion to dismiss intervenors' claim for a public prescriptive easement based on their lack of standing, because: (1)

------

mere use is insufficient to show that use of an easement was hostile and without the owner's permission; (2) one's use of a purported prescriptive easement must be for a period of at least twenty years, and none of the intervenors testified that they used the purported easement for a period of more than a few years; (3) a judge's 15 December 2004 order ruling that intervenors did not have standing to bring their remaining claims was independent of another judge's earlier ruling and determinations, and thus did not constitute a modification, change, or overruling of a prior order of another superior court judge; (4) although plaintiffs did have record notice of an easement granting a public access easement over their property, this easement ceased to exist once the town passed the ordinance prohibiting sand paths over the beach dunes and plaintiffs began constructing an improvement on their property; (5) there is other beach access available to the public in the same general area as the purported easement; and (6) intervenors have not alleged, nor have they established, that they suffered any special injury that differed from that suffered by the public generally.

Appeal by intervenors from an order entered 15 December 2004 by Judge Jay D. Hockenbury in New Hanover County Superior Court. Heard in the Court of Appeals 10 January 2006.

*William G. Wright and Gary K. Shipman, for plaintiff-appellees.*

*Dillow, McEachern & Associates, P.A., by Mary Margaret McEachern, for intervenor-appellants.*

JACKSON, Judge.

In 1995, Linda and Peter Russo purchased a parcel of land in Kure Beach, North Carolina. Plaintiffs in this case, Laura Koenig and Salvatore Russo ("plaintiffs") are the trustees of the Linda A. Russo Qualified Personal Residence Trust and the Peter J. Russo Qualified Personal Residence Trust, and bring the instant action as trustees and owners of the Russos' property. The Russos' deed stated that they took the land "subject to a public access easement 10 feet in width, running parallel to and along the northern boundary of the lot." The public access easement was a sand path crossing over the Russos' property and a beach dune, providing beach access for non-ocean-front property owners in the "Kure By the Sea" development. In 1997,

the Town of Kure Beach passed an ordinance prohibiting anyone from crossing over sand dunes to access the beach. In 1999, the Russos began construction of a house on their property, and in order to comply with the Town ordinance, they applied for and received a permit to construct a private walkway over the dunes to facilitate their access to the beach.

In April of 2003, the Town of Kure Beach announced its intention to construct a wood ramp and bridge over the public access easement, claiming that it had the authority to do so by virtue of language appearing in deeds of the Russos' predecessors in title and in the Russos' deed. Plaintiffs objected to the issuance of any permit to the Town for construction of the pedestrian beach access, however the Town was granted the permit on 12 May 2003. On 2 June 2003, plaintiffs filed a Third Party Hearing Request seeking a contested case hearing before the Coastal Resources Commission ("CRC") on the issue of the permit granted to the Town. Plaintiffs' hearing request was denied by the CRC on 17 June 2003.

On 30 July 2003 plaintiffs filed a complaint seeking declaratory judgment and to quiet title in the public access easement. Plaintiffs alleged that neither the Town nor the public had any interest in the purported easement, as the purpose for which the beach access originally was created no longer existed due to a separate beach access being constructed for non-oceanfront property owners. Plaintiffs also alleged that the beach access was never conveyed or dedicated to the Town, and that no public entity, including the Town, ever had taken the requisite steps to accept any alleged offer of dedication of the beach access for use by the general public.

On 14 October 2003, John McCabe, Douglas York, Bill and Jettie Payne, Gene and Linda Bowers, and Robert and Pamela Finley (collectively "intervenors") sought to intervene as defendants under Rule 24 of the North Carolina Rules of Civil Procedure. Intervenors alleged they had a prescriptive easement in the public access easement over plaintiffs' property, and that they also had a public prescriptive easement in the same public access easement. On 14 November 2003, the trial court allowed intervenors to intervene permissively pursuant to Rule 24(b) of our Rules of Civil Procedure. Intervenors Linda Bowers and Bill Payne's claims subsequently were dismissed with prejudice. Plaintiffs filed a motion to dismiss and for summary judgment on 22 October 2003, seeking summary judgment against all intervenors and to dismiss intervenors' claims based upon a lack of standing.

**KOENIG v. TOWN OF KURE BEACH**

[178 N.C. App. 500 (2006)]

In an order filed 15 December 2004, the trial court granted summary judgment against the remaining intervenors finding there were no genuine issues of material fact, and that plaintiffs were entitled to judgment as a matter of law on intervenors' claims for a prescriptive easement over plaintiffs' property. The trial court also dismissed intervenors' claims based upon a lack of standing, finding that intervenors did not suffer any special injury that was different in kind from that suffered by the general public. At a separate hearing, and in a separate order filed 7 January 2005, the trial court found that the Town of Kure Beach had not acquired any easement by dedication or otherwise in plaintiffs' property, and similarly had not acquired an interest in the property by any of the deeds in the Russos' chain of title. The trial court determined that the public access easement was not for the use or benefit of the Town of Kure Beach or the general public. Intervenors McCabe, York, Jettie Payne, Gene Bowers, and Robert and Pamela Finley appeal from the trial court's 15 December 2004 order. The Town of Kure Beach is not a party to the appeal.

Intervenors first contend the trial court erred in granting plaintiffs' motion for summary judgment against all intervenors.

In ruling on a motion for summary judgment, the trial court must determine whether based on the pleadings, depositions, and answers to interrogatories, together with the affidavits, " 'there exists any genuine issue of material fact.' " *Vincent v. CSX Transp., Inc.*, 145 N.C. App. 700, 702, 552 S.E.2d 643, 645 (quoting *Lowe v. Murchison*, 44 N.C. App. 488, 490, 261 S.E.2d 255, 256 (1980), citing N.C. Gen. Stat. § 1A-1, Rule 56(c)), *disc. review denied*, 354 N.C. 371, 557 S.E.2d 537 (2001). "When a trial court rules on a motion for summary judgment, 'the evidence is viewed in the light most favorable to the nonmoving party,' and all inferences of fact must be drawn against the movant and in favor of the nonmovant." *Am. Gen. Fin. Servs. v. Barnes*, 175 N.C. App. 406, 408, 623 S.E.2d 617, 619 (2006) (internal citations omitted). " 'The burden upon the moving party is to establish that there is no genuine issue as to any material fact remaining to be determined. . . . This burden may be carried by a movant by proving that an essential element of the opposing party's claim is nonexistent.' " *Gray v. Hager*, 69 N.C. App. 331, 333, 317 S.E.2d 59, 60 (1984) (citation omitted).

In the instant case, the trial court granted plaintiffs' motion for summary judgment against intervenors on their claims for a prescriptive easement over plaintiff's property.

In order to establish the existence of a prescriptive easement, the party claiming the easement must prove four elements: " '(1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period.' "

*Cannon v. Day,* 165 N.C. App. 302, 306-07, 598 S.E.2d 207, 211 (quoting *Perry v. Williams,* 84 N.C. App. 527, 528-29, 353 S.E.2d 226, 227 (1987)), *disc. review denied,* 359 N.C. 67, 604 S.E.2d 309 (2004). Mere use alone of a purported easement is not sufficient to establish the element of hostile use or use under a claim of right. *Id.* at 307, 598 S.E.2d at 211. Our state's caselaw presumes that one's use of another's land is permissive or with the owner's consent unless evidence to the contrary exists. *Id.* at 307, 598 S.E.2d at 211; *see also Orange Grocery Co. v. CPHC Investors,* 63 N.C. App. 136, 138, 304 S.E.2d 259, 260 (1983). "A 'hostile' use is simply a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim of right." *Dulin v. Faires,* 266 N.C. 257, 261, 145 S.E.2d 873, 875 (1966). "A mere permissive use of a way over another's land, however long it may be continued, can never ripen into an easement by prescription." *Dickinson v. Pake,* 284 N.C. 576, 581, 201 S.E.2d 897, 900 (1974). Further, the adverse or hostile use must be for a continuous and uninterrupted period of at least twenty years. *Cannon,* 165 N.C. App. at 307, 598 S.E.2d at 211.

In the present case, intervenors' answer alleges they "have utilized the access easement by claim of right for an extended period of time." This allegation alone is insufficient to establish that their use of the easement was hostile or by claim of right, or that their use was for a continuous and uninterrupted period of twenty years. A party against whom summary judgment is sought "may not rest upon the mere allegations or denials of his pleading, but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial." *Enterprises v. Russell,* 34 N.C. App. 275, 278, 237 S.E.2d 859, 861 (1977) (citing N.C. Gen. Stat. § 1A-1, Rule 56(e)).

Although the record on appeal does not contain the complete depositions of the intervenors, those portions of the depositions included in the record are sufficient to support the trial court's granting of summary judgment against all intervenors. As noted previously,

mere use is insufficient to show that use of an easement was hostile and without the owner's permission. Each of the intervenors testified during their depositions regarding their use of the purported easement. None of the intervenors testified that their use was without the owner's permission, or that they knew they were not entitled to use the lot for beach access. Instead, all of the intervenors, with the exception of McCabe, testified that they had never spoken with anyone about using plaintiffs' property for beach access, had never received specific permission to use it, nor had they received any deed or conveyance of any easement. Further, evidence was presented indicating that one of plaintiffs' predecessors in title had given consent for people to use the lot for beach access for a period of about nine months from roughly August 1988 until May 1989. Thus, without more, there was insufficient evidence to survive plaintiffs' motion for summary judgment, as there was no genuine issue of material fact that the intervenors' use of the purported easement was not hostile and was with the owner's permission.

Further, one's use of a purported prescriptive easement must be for a period of at least twenty years. Intervenors McCabe, Payne, York, and Finleys each testified in their depositions as to how long they had used plaintiffs' lot for beach access. None of them testified that they used the purported easement for a period of more than a few years, and in fact intervenors McCabe and Payne both testified that they had *never* used plaintiffs' lot for beach access. Thus, summary judgment against each of these intervenors also was proper in that there was no genuine issue of material fact concerning their term of use of the purported easement. Intervenors' assignment of error is overruled.

Intervenors next contend the trial court erred in granting plaintiffs' motion for summary judgment against intervenor Bowers in that Bowers testified in his deposition, and stated in his affidavit, that he began using the beach access in 1971, thereby satisfying the twenty year use requirement. As we have held previously, however, that there was insufficient evidence to show that intervenors' use of the purported easement was without the owner's permission, and that the trial court's grant of summary judgment was proper, we need not address this issue, and intervenors' assignment of error is overruled.

Intervenors also contend that the trial court's granting of summary judgment against intervenor Payne was improper due to the fact that Payne should have been able to tack her use with that of her

predecessors in title, thereby satisfying the twenty year use requirement. As stated previously, Payne testified that she had never used the beach access, nor had she ever received a deed or written conveyance of the easement. Also, she testified that her predecessors in title never told her about any recorded easement granting her beach access. As the evidence was insufficient to show that Payne's purported use, or that of her predecessors in title was hostile or without the lot owner's permission, the trial court's granting of summary judgment against intervenor Payne was proper. This assignment of error also is overruled.

Intervenors next assert the trial court erred in granting plaintiffs' motion to dismiss intervenors' claims based on the intervenors' lack of standing. Intervenors·contend the trial court improperly reversed an earlier decision of the trial court which allowed intervenors to intervene permissively pursuant to Rule 24(b) of the North Carolina Rules of Civil Procedure.

This Court previously has addressed this issue, and we have held that the requirements for a party to have standing and for a party to be allowed·to intervene permissively in an action are separate issues, which may result in seemingly contradictory results. *See Bruggeman v. Meditrust Co., LLC,* 165 N.C. App. 790, 600 S.E.2d 507 (2004). In North Carolina "[t]he power of one judge of the Superior Court is equal to and coordinate with that of another." *Caldwell v. Caldwell,* 189 N.C. 805, 809, 128 S.E. 329, 332 (1925). Similarly, it also is well established in our state "that no appeal lies from one Superior Court judge to another; that one Superior Court judge may not correct another's errors of law; and that ordinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *Calloway v. Motor Co.,* 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). However, we may

> [uphold] a subsequent order issued by a different judge in the same action where the subsequent order was "rendered at a different stage of the proceeding," did not involve the same materials as those considered by the previous judge, and did not "present the same question" as that raised by the previous order.

*Bruggeman,* 165 N.C. App. at 795, 600 S.E.2d at 511 (quoting *Smithwick v. Crutchfield,* 87 N.C. App. 374, 376, 361 S.E.2d 111, 113 (1987)).

In the present case, intervenors were permitted to intervene permissively into the original case involving plaintiffs and defendant

Town of Kure Beach, pursuant to a 14 November 2003 order of Judge Russell J. Lanier, Jr. In order to be allowed to intervene permissively into a pending action, the potential intervenor's alleged claim or defense must have a question of law or fact in common with the pending action. N.C. Gen. Stat. § 1A-1, Rule 24(b)(2) (2003). However, in order for the intervenors then to have standing to assert their alleged claims, they must " 'have been injured or threatened by injury or have a statutory right to institute an action.' " *Bruggeman*, 165 N.C. App. at 795, 600 S.E.2d at 511 (quoting *In re Baby Boy Scearce*, 81 N.C. App. 531, 541, 345 S.E.2d 404, 410 (1986)); *see also* N.C. Gen. Stat. § 1-57 (2005). In ruling on a motion to intervene, a trial court may consider standing as a factor in whether or not to grant permissive intervention, but this factor may be considered only after all requirements for permissive intervention have been satisfied. *Id.* at 796, 600 S.E.2d at 511 (quoting 59 *Am. Jur. 2d Parties* § 207 (2003)). Rule 24(b)(2) does not require a permissive intervenor to show "a direct personal or pecuniary interest in the subject of the litigation." *Scearce*, 81 N.C. App. at 541, 345 S.E.2d at 410.

The issue in determining whether a party has standing to bring an action boils down to " 'whether there is a justiciable controversy being litigated amongst adverse parties with substantial interest affected[.]' " *Bruggeman*, 165 N.C. App. at 795, 600 S.E.2d at 511 (quoting *Texfi Industries v. City of Fayetteville*, 44 N.C. App. 268, 269-70, 261 S.E.2d 21, 23 (1979), *aff'd*, 301 N.C. 1, 269 S.E.2d 142 (1980)). Therefore, the order allowing intervenors to intervene permissively constituted a determination only that they had a common question of law or fact that was being litigated between plaintiff and defendant. Judge Hockenbury's 15 December 2004 order ruling that intervenors did not have standing to bring their *remaining* claims was independent of Judge Lanier's earlier ruling and determinations, and thus did not constitute a modification, change, or overruling of a prior order of another superior court judge. Therefore, intervenors assignment of error is overruled.

Finally, intervenors argue the trial court erred in granting plaintiff's motion to dismiss intervenors' claims for lack of standing due to the fact that intervenors have alleged elements necessary to establish a public prescriptive easement pursuant to the holding in *Concerned Citizens v. Holden Beach Enterprises*, 329 N.C. 37, 404 S.E.2d 677 (1991). Intervenors contend they have asserted viable claims that they were using the public prescriptive easement under color of title, in that by working with the Town to attempt to construct a walkway

over the beach dune, intervenors and the Town sought to improve and maintain the easement after plaintiff blocked the easement by constructing a home on the lot and beach access, and that they in no way abandoned their use of it.

*Concerned Citizens* involved a group of citizens who sought to establish a prescriptive easement based on public use of a pathway crossing over the shifting dunes of an area on our state's Outer Banks. One of the primary issues considered by the Court concerned whether a purported easement could be substantially identified if it had moved and changed location over time due to the shifting of the dunes. Our Supreme Court ruled that the change in location due to the shifting dunes was not in and of itself sufficient to cause the plaintiffs' claim for a prescriptive easement to fail. *Id.* at 49, 404 S.E.2d at 684. In *Concerned Citizens*, the defendant sought to block the public's use of the pathway by constructing multiple barricades over a span of roughly twenty years. The Supreme Court found that as defendant's efforts to block public use increased, so did the public's acts of disregard of the barricades and continued use of the pathway. *Id.* at 49-51, 404 S.E.2d at 685-86. The Court found that the acts of the public in disregarding the various barricades clearly established "the use as being 'hostile,' thus repelling any inference that it is permissive, or that the use be 'open,' thus giving notice to the owner that the use is adverse." *Id.* at 51, 404 S.E.2d at 686.

Although plaintiffs in the instant case did, in fact, have record notice of an easement granting a public access easement over their property, this easement ceased to exist once the Town passed the ordinance prohibiting sand paths over the beach dunes and plaintiffs began constructing an improvement on their property. Each of the intervenors who testified that they had used plaintiffs' property for beach access testified that they stopped using the beach access either when the Town passed the ordinance or when plaintiffs began construction on the property. As previously stated, intervenors did not present sufficient evidence or allegations that their use was hostile or without the owners' permission. Similarly, they did not present evidence showing that they continued to use the beach access even after the passage of the ordinance or the construction on the site, thus they did not satisfy the element of "hostile use" present in *Concerned Citizens*. The instant case is distinguishable from that of *Concerned Citizens*, in that in the instant case there is other beach access available to the public in the same general area as the purported easement, whereas in *Concerned Citizens* the easement sought was the

sole access to the portion of beach to which access was sought. Additionally, in *Concerned Citizens*, the easement was used by many people over a span of more than sixty years, even though the path had moved and changed location over time due to storms and beach erosion. In the instant case, however, the evidence presented through intervenors' depositions indicated that at most, only one of them had used plaintiffs' lot for beach access for anything close to the required twenty year period.

As stated previously, the trial court properly found that intervenors lacked standing to bring their claims alleging a prescriptive easement over plaintiffs' property. Similarly, plaintiffs lack standing to bring their claim alleging a public prescriptive easement over the same property. "In the absence of statute and barring those instances where an individual may take action because of his special damage over and above that suffered by other members of the general public, '[t]he State is the proper party to complain of wrongs done to its citizens.' " *McLean v. Townsend*, 227 N.C. 642, 643, 44 S.E.2d 36, 36 (1947) (citation omitted). Intervenors admitted in their depositions that the purpose of their claims was to establish an easement for the public to use as beach access across plaintiff's property. However, intervenors have not alleged, nor have they established, that they suffered any special injury that differed from that suffered by the public generally.

Therefore, we hold that the instant case is distinguishable from *Concerned Citizens*, and the trial court thus acted properly in granting plaintiffs' motion to dismiss intervenors' claim for a public prescriptive easement based on their lack of standing.

Affirmed.

Judges WYNN and HUNTER concur.