In re Se. Eye Ctr. (Pending Matters), 2020 NCBC 58.

STATE OF NORTH CAROLINA

WAKE COUNTY

IN RE SOUTHEASTERN EYE
CENTER-PENDING MATTERS

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 1648

**ORDER AND OPINION ON KAY HARRIS TURNER'S MOTION TO INTERVENE AND TURNER'S MOTION TO REMOVE THE $2.1 MILLION JUDGMENT AGAINST JDPW TRUST AND TO REMOVE JDPW TRUST FROM RECEIVERSHIP (OLD BATTLEGROUND v. CCSEA)**

1. **THIS MATTER** is before the Court upon the Motion of the Sole Beneficiary of JDPW Trust, Kay Harris Turner ("Turner"), to Intervene Pursuant to Rule 24 of the North Carolina Rules of Civil Procedure ("Motion to Intervene"), (ECF No. 1291), and Turner's Motion to Remove the $2.1 Million Judgment Against JDPW Trust and to Remove JDPW Trust from Receivership Pursuant to Rule 60(b)(4)(5)(6) ("Rule 60(b) Motion"), (ECF No. 1288), (together, the "Motions").

2. Having considered the Motions, the related briefing, and the arguments of counsel at the hearing on the Motions, the Court **GRANTS** the Motion to Intervene and **DENIES** the Rule 60(b) Motion.

*Smith Debnam Narron Drake Saintsing & Myers, LLP, by Byron L. Saintsing, for Plaintiffs Nivison Family Investments, LLC and Old Battleground Properties, Inc. and Third-Party Defendant Arthur Nivison.*

*Oak City Law LLP, by Robert E. Fields, III, for Receiver Gerald A. Jeutter, Jr., as Receiver for JDPW Trust U/T/A Dated June 8, 2007, Central Carolina Surgical Eye Associates, P.A., HUTA Leasing LLC, Southeastern Eye Management, Inc., Southeastern Cataract Laser Center, PLLC, EMS Partners, LLC, KEPES Newco, LLC, and DRE Newco, LLC.*

*Wyatt Early Harris Wheeler, LLP, by Scott F. Wyatt and Donavan J. Hylarides, for Defendants Richard A. Harris, Historic Castle McCulloch, LLC, and Castle McCulloch, Inc.*

*Douglas S. Harris, pro se.*

*Walter K. Burton, PLLC, by Walter K. Burton, for Kay Harris Turner, in her asserted capacity as the beneficiary of JDPW Trust U/T/A Dated June 8, 2007.*

Bledsoe, Chief Judge.

## I.

## BACKGROUND

3. Relevant background facts and procedural history for these Motions are set forth in *In re Se. Eye Ctr. - Pending Matters*, 2020 NCBC LEXIS 12, at *2–4 (N.C. Super. Ct. Jan. 30, 2020). The Court briefly summarizes those facts and history and sets forth additional facts relevant to the Motions below.

4. On April 28, 2016, the Court entered both its Order Approving Nivison Settlement and Related Transactions Including Release of CCSEA Sale Proceeds, (ECF No. 471), and its Order Approving Plaintiffs' Motion for Appointment of Receiver for JDPW Trust (together, the "April 28, 2016 Orders"), (ECF No. 472). Through the April 28, 2016 Orders, the Court placed the JDPW Trust U/T/A Dated June 8, 2007 ("JDPW Trust" or the "Trust") into receivership and approved a settlement agreement between Old Battleground Properties, Inc. and Nivison Family Investments, LLC (together, the "Nivison Parties"), various receivership entities, and the Trust that allowed the Nivison Parties a $2.1 million claim against the Trust.

5.     Over three years later, on August 13, 2019, Turner, as the purported beneficiary of the Trust, and through her counsel at the time, Douglas S. Harris ("Harris"), filed a motion to both set aside the Nivison Parties' $2.1 million claim and to remove the Trust from receivership ("Original Rule 60(b) Motion"). (Mot. Remove $2.1 Million J. JDPW Trust & Remove JDPW Trust Receivership Pursuant Rule 60(b)(4)(5)(6), ECF No. 1176); *see also In re Se. Eye Ctr. - Pending Matters*, 2019 NCBC LEXIS 29, at *3–23 (N.C. Super. Ct. May 7, 2019) (providing further background as to the events surrounding the creation of the Trust receivership). Soon afterward, Turner also moved to intervene in this action ("Original Motion to Intervene"). (Mot. Sole Beneficiary JDPW Trust, Kay Harris Turner, Intervene Pursuant Rule 24 North Carolina Rules Civil Procedure, ECF No. 1182.)

6.     Before the scheduled hearing on the Original Rule 60(b) Motion and Original Motion to Intervene was held, the Nivison Parties moved to disqualify Harris as counsel for Turner ("Motion to Disqualify"). (Pls.' Mot. Disqualify Douglas S. Harris Counsel Kay Harris Turner, ECF 1196.) After the hearing on the Original Rule 60(b) Motion, the Original Motion to Intervene, and the Motion to Disqualify, at which Douglas S. Harris appeared pro se and on behalf of Turner and all other parties were represented by counsel, the Court, through an order and opinion dated January 30, 2020, (i) granted the Motion to Disqualify; (ii) disqualified Harris from acting as counsel for Turner; (iii) struck all motions and other materials filed by Harris on behalf of Turner, including the Original Rule 60(b) Motion and Original Motion to Intervene; and (iv) permitted Turner to retain nonconflicted successor counsel to

represent her interests in these proceedings and, if she deemed it appropriate, seek intervention and relief concerning the $2.1 million claim and the Trust receivership. *In re Se. Eye Ctr.*, 2020 NCBC LEXIS 12, at *16–17.

7.      Walter K. Burton thereafter appeared as counsel for Turner on April 15, 2020 and filed both the current Rule 60(b) Motion and Motion to Intervene that same day.  (Mot. Remove $2.1 Million J. JDPW Trust & Remove JDPW Trust Receivership Pursuant Rule 60(b)(4)(5)(6), ECF No. 1288; Mot. Sole Beneficiary JDPW Trust, Kay Harris Turner, Intervene Pursuant Rule 24 North Carolina Rules Civil Procedure [hereinafter "Mot. Intervene"], ECF No. 1291.)

8.      The Motions have been fully briefed, and the Court held a hearing on the Motions by videoconference on July 21, 2020 at which Douglas S. Harris appeared pro se and all other parties were represented by counsel.  The Motions are now ripe for resolution.

## II.

## ANALYSIS

### A.      Motion to Intervene

9.      Turner moves to intervene under Rule 24 of the North Carolina Rules of Civil Procedure ("Rule(s)") on grounds that Turner's interests are not completely aligned with any party to these proceedings and because such motions are seldom denied.  (Mot. Intervene 1, 5.)  All parties consent to Turner's intervention except for the Nivison Parties.  (*See* Mem. Law Opp'n Kay Harris Turner's Renewed Mot. Intervene [hereinafter "Mem. Opp'n Mot. Intervene"], ECF No. 1305.)

10. Rule 24 provides for intervention both as of right and through court permission. Intervention as of right under Rule 24(a) is appropriate when "(1) a statute . . . confers an unconditional right to intervene or (2) an interest in the property or transaction . . . is the subject of the action[, and] such interest was not adequately represented by the existing parties and would be impaired if intervention were not granted." *Holly Ridge Assocs., LLC v. N.C. Dep't of Env't & Nat. Res.*, 361 N.C. 531, 537, 648 S.E.2d 830, 835 (2007).

11. Permissive intervention under Rule 24(b) is appropriate "[w]hen an applicant's claim or defense and the main action have a question of law or fact in common[.]" *Hinton v. Hinton*, 250 N.C. App. 340, 346, 792 S.E.2d 202, 206 (2016) (quoting N.C. R. Civ. P. 24(b)(2)). Unlike intervention as of right, "Rule 24(b)(2) does not require a permissive intervenor to show 'a direct personal or pecuniary interest in the subject of the litigation.' " *Koenig v. Town of Kure Beach*, 178 N.C. App. 500, 507, 631 S.E.2d 884, 889 (2006) (quoting *In re Baby Boy Scearce*, 81 N.C. App. 531, 541, 345 S.E.2d 404, 410 (1986)). "[P]ermissive intervention by a private party under Rule 24(b) rests within the sound discretion of the trial court and will not be disturbed on appeal unless there was an abuse of discretion." *Holly Ridge Assocs.*, 361 N.C. at 538–39, 648 S.E.2d at 836 (quoting *Virmani v. Presbyterian Health Servs. Corp.*, 350 N.C. 449, 460, 515 S.E.2d 675, 683 (1999)). Nevertheless, "Rule 24(b)(2) expressly requires that in exercising discretion as to whether to allow permissive intervention, 'the court shall consider whether the intervention will unduly delay or prejudice the

adjudication of the rights of the original parties.' " *Virmani*, 350 N.C. at 460, 515 S.E.2d at 683 (quoting N.C. R. Civ. P. 24(b)).

12. Whether intervention is as of right or permissive, the successful intervenor has the same rights as any party in the litigation. *See Holly Ridge Assocs.*, 361 N.C. at 535, 648 S.E.2d at 834 ("Rule 24 has long been interpreted to mean that a successful intervenor under subsection (a) *or* (b) enters the case as a party." (emphasis added)); *Leonard E. Warner, Inc. v. Nissan Motor Corp.*, 66 N.C. App. 73, 78, 311 S.E.2d 1, 4 (1984) ("After intervention, an intervenor is as much a party to the action as the original parties are and has rights equally as broad." (citing 59 Am. Jur. 2d Parties §§ 177, 181 (1971)).[1]

13. In support of her Motion to Intervene, Turner argues that she has an interest in property at issue in this lawsuit, particularly in regard to the Nivison Parties' $2.1 million claim against the Trust, that would "denigrate [her] small claim of $126,000 almost out of existence if paid proportionately." (Br. Supp. Mot. Sole Beneficiary JDPW Trust, Kay Harris Turner, Intervene Pursuant Rule 24 North Carolina Rules Civil Procedure 8, ECF No. 1287.) As a result, Turner claims she may intervene as of right.

14. The Nivison Parties contend otherwise and advance several compelling arguments against intervention. They argue it is undisputed that because Turner

---

[1] Even though Turner has suggested her intervention is "for the . . . purpose of making a Rule 60(b)(4)(5)(6) Motion to Set Aside or otherwise declare as void portions of the Court's 28 April 2016 Order Approving Pls.' Mot. For Appointment of Receiver for JDPW Trust[,]" (Mot. Intervene 1), the Court will not limit Turner's rights as a party in this case upon intervention, *see Leonard E. Warner*, 66 N.C. App. at 79, 311 S.E.2d at 5 ("Once an intervenor becomes a party, he should be a party for all purposes.").

was named the beneficiary of the Trust by her ex-husband, the Trust grantor, prior to their subsequent divorce, N.C.G.S. § 36C-6-606 applies to revoke her designation as a Trust beneficiary.[2] (Mem. Opp'n Mot. Intervene 2–5.) The Nivison Parties also contend that Turner should be estopped from intervening because she received numerous e-mails and oral communications concerning this matter before and after the receivership was created in April 2016 yet waited over three years to seek the relief she requests in the Motions. (Mem. Opp'n Mot. Intervene 8–10.) The Nivison Parties further assert that even if Turner is somehow deemed a Trust beneficiary, she is not a necessary party to these proceedings since no North Carolina case has held that a trust beneficiary—like Turner alleges she is here—is a necessary party to a suit by a trust creditor—like the Nivison Parties are here—against the trust to enforce a trust debt incurred by the trustee. (Mem. Law Opp'n Kay Harris Turner's Renewed Mot. Remove NFI $2.1 Million Judgment JDPW Trust & Remove JDPW Trust Receivership 7–9, ECF No. 1306; *see also* Mem. Opp'n Mot. Intervene 11.)

15. Notwithstanding these arguments, and without deciding the merits of any of them, the Court concludes that, in the current circumstances, Turner should be permitted to intervene under Rule 24(b). The Court does so, however, expressly reserving for later determination the arguments the Nivison Parties have raised in opposition to Turner's intervention should Turner's claim against the Trust be

---

[2] The Nivison Parties argue that "pursuant to N.C. Gen. Stat. § 36C-6-606, dissolution of the settlor's marriage by absolute divorce after executing a revocable trust revokes all provisions of the trust in favor of the settlor's former spouse." (Mem. Opp'n Intervene 3.) Thus, the Nivison Parties contend that Turner's absolute divorce from the Trust's grantor, her former spouse, revoked her designation as a beneficiary of the Trust.

advanced for judicial determination or Turner otherwise seeks relief in this action. The Court concludes that proceeding in this fashion will not prejudice any party to the litigation and will allow Turner to seek to protect her claimed interest in the Trust as she deems appropriate.

16. The Court does note that to the extent that Turner is not a proper beneficiary of the Trust by operation of section 36C-6-606 and thus lacks standing to advance her claim against the Trust or seek other relief, lack of standing does not necessarily defeat her request for permissive intervention. *See, e.g.*, *Bruggeman v. Meditrust Co.,* 165 N.C. App. 790, 796, 600 S.E.2d 507, 511 (2004) ("[W]hether a party has standing is merely a factor courts may consider in exercising their discretion to grant permissive intervention once the requirements for permissive intervention are satisfied." (quoting 59 Am. Jur. 2d Parties § 207 (2003))); *see also Koenig*, 178 N.C. App. at 507, 631 S.E.2d at 889 (holding that while a "potential intervenor's alleged claim or defense must have a question of law or fact in common with the pending action[,]" that inquiry is separate from whether the parties have standing to bring such claim or defense).

17. Here, Turner has alleged that she is a beneficiary of the Trust with a financial interest in prosecuting her claim for $126,000 against the Trust and in defending against the Nivison Parties' $2.1 million claim against the Trust. (*See* Dep. Kay Turner 20:1–19, 77:9–21, ECF No. 1205.1; Exs. Receiver's Resp. Mot. Intervene Ex. B, ECF No. 1201.1.) In addition, it appears to the Court that Turner's asserted grounds for intervention "and the main action have a question of law or fact in

common." *Sloan v. Inolife Techs.*, 2018 NCBC LEXIS 181, at *2 (N.C. Super. Ct. Jan. 18, 2018); (*see also* Castle McCulloch Suppl. Br. Regarding Issues Trial, ECF No. 1224; Joint Statement Clarifying Remaining Issues Trial, ECF No. 1225; Douglas S. Harris Suppl. Br. Regarding Issues Trial, ECF No. 1226). As a result, the Court concludes that the requirements of Rule 24(b) are satisfied and that Turner's permissive intervention is appropriate. Accordingly, in the exercise of the Court's discretion, Turner shall be permitted to intervene in this action under Rule 24(b).[3]

B.    Rule 60(b) Motion

18.    Turner argues through her Rule 60(b) Motion that she was not provided notice that a motion had been filed seeking to place the Trust into receivership or to permit a $2.1 million claim against it. She further contends that changed circumstances since the receivership was created and the $2.1 million claim was allowed should cause the Court to vacate its previous orders regarding the receivership and void the $2.1 million claim in favor of the Nivison Parties. (Br. Supp. Movant's Mot. Remove NFI's $2.1 Million J. JDPW Trust & Remove JDPW Trust Receivership 1–7, ECF No. 1289.)

19.    Rule 60(b) states that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding[.]" Our courts have recognized that "[t]o proceed under Rule 60(b) . . . requires an initial determination of whether a [procedural act] constitutes a 'judgment, order[,] or

---

[3] In light of the Court's conclusion that permissive intervention under Rule 24(b) is appropriate and shall be granted, the Court need not address Turner's contention that she should be permitted to intervene as of right under Rule 24(a).

proceeding.' " *Carter v. Clowers*, 102 N.C. App. 247, 252, 401 S.E.2d 662, 665 (1991) (quoting N.C. R. Civ. P. 60(b)).  Our courts have further concluded that "Rule 60(b) 'has no application to *interlocutory* judgments, orders, or proceedings of the trial court.  It only applies, by its express terms, to *final* judgments.' " *Kingston v. Lyon Constr., Inc.*, 207 N.C. App. 703, 709, 701 S.E.2d 348, 353 (2010) (quoting *Sink v. Easter*, 288 N.C. 183, 196, 217 S.E.2d 532, 540 (1975)); *see also Sides v. Reid*, 35 N.C. App. 235, 237, 241 S.E.2d 110, 111 (1978) ("Motions to set aside a *final* judgment are governed by Rule 60(b) of the Rules of Civil Procedure." (emphasis added)).

20.    Under North Carolina law, "a final judgment [i]s 'one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.' " *State v. Singleton*, 201 N.C. App. 620, 626, 689 S.E.2d 562, 566 (2010) (quoting *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950)).  Such is clearly not the situation here, and Turner makes no argument to the contrary.

21.    The April 28, 2016 Orders did not dispose of this case, and much remains to be judicially determined in this action, including claims that must be resolved by a factfinder at trial.  (*See, e.g.*, Joint Statement Clarifying Remaining Issues Trial.) Indeed, the Supreme Court of North Carolina dismissed the appeal of the April 28, 2016 Orders after oral argument, opining that "Appellants have failed to demonstrate grounds for appellate review under N.C.G.S. [§] 7A-27(a)(3)[,]" *In re Se. Eye Ctr. - Pending Matters*, 809 S.E.2d 582, 582 (N.C. 2018), thus determining that the April 28, 2016 Orders were interlocutory and did not "[a]ffect[ ] a substantial right[,] [i]n

effect determine[ ] the action and prevent[ ] a judgment from which an appeal might be taken[,] [d]iscontinue[ ] the action[, or] [g]rant[ ] or refuse[ ] a new trial[,]" N.C.G.S. § 7A-27(a)(3). The Supreme Court made clear, and this Court agrees, that neither of the April 28, 2016 Orders constituted a final judgment under law.

22. Where, as here, "there has not been an adjudication and disposition of all claims," our appellate courts have instructed trial courts that relief under Rule 60(b) is unavailable. *Blyth v. McCrary*, No. COA09-163, 2009 N.C. App. LEXIS 2197, at *5 (N.C. Ct. App. Dec. 8, 2009). As summarized by the Court of Appeals, "[u]ntil the trial court enters a final judgment, there is no order from which plaintiffs can seek relief pursuant to Rule 60(b)." *Id.* Accordingly, the Court concludes that Turner's Rule 60(b) must be denied on this ground.

## C. Further Review of Previous Orders

23. "Trial courts are vested with broad authority to supervise receivers[,]" *Bandy v. Gibson*, 2017 NCBC LEXIS 57, at *8 (N.C. Super. Ct. June 29, 2017), which includes the authority to "make such orders and decrees with respect to the discharge of their trust as justice and equity may require[,]" *Lambeth v. Lambeth*, 249 N.C. 315, 321, 106 S.E.2d 491, 495 (1959). Although Turner, Harris, and the Castle McCulloch Defendants urge the Court to set aside the $2.1 million claim and dissolve the receivership over the Trust, and while this Court recognizes that it has broad authority to review and amend both of the April 28, 2016 Orders, the Court concludes, in the exercise of its discretion, that such a course is neither necessary nor

appropriate on the facts of record in this case or required by applicable law at this time.

## III.

## CONCLUSION

24. **WHEREFORE**, based on the foregoing, the Court hereby **ORDERS** as follows:

   a. Turner's Motion to Intervene is hereby **GRANTED**, and Turner shall be added as an intervenor-party for all purposes in this action; and

   b. Turner's Rule 60(b) Motion is hereby **DENIED**.

   **SO ORDERED**, this 17th day of August, 2020.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Chief Business Court Judge