An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-258

Filed 4 February 2026

Craven County, No. 21CVS000294-240

LEE W. BETTIS, JR. and KELLY MARIE BETTIS, Plaintiffs,

v.

CANDLE GRAHAM WEISS, CLYDE SWINDELL, and PATTI WALSH, Defendants.

Appeal by defendants from order entered 3 January 2023 by Judge Thomas Wilson in Craven County Superior Court. Heard in the Court of Appeals 28 August 2025.

> *Buckmiller Boyette & Frost, PLLC, by Matthew W. Buckmiller, for plaintiffs.*
>
> *Perry, Perry & Perry Attorneys, PLLC, by Josiah J. Corrigan, and Kenneth D. Perkins, pro hac vice, for defendants.*

FREEMAN, Judge.

Defendants appeal from the trial court's order granting summary judgment to plaintiffs on their counterclaims of easement by plat and prescriptive easement. After careful review, we affirm the grant of summary judgment to plaintiffs on the prescriptive easement counterclaim. However, we reverse the grant of summary

judgment to plaintiffs on the easement by plat counterclaim and remand for entry of summary judgment to defendants.

## I.     Factual and Procedural Background

In 2019, plaintiffs Lee Bettis, Jr., and Kelly Bettis purchased property in the Riverview subdivision of New Bern, North Carolina, which abutted the Neuse River. Defendants Candle Weiss, Clyde Swindell, and Patti Walsh also owned land in the Riverview subdivision and have owned their respective plots from as early as 1972 through 2005. Defendants' plots did not abut the Neuse River but it was visible from their properties. Swindell testified that he used the road to access the river at his leisure, and sometimes used it to access the home of the previous owner of plaintiffs' property. Weiss testified that he typically used the road two to three times per month, and the previous owner of plaintiffs' property had no issue with his use of the road. Walsh testified that other property owners regularly used the road to access the river, and though she could not "physically go down there" she enjoyed the view.

The Riverview lots were first recorded in 1952. The 1952 plat map depicted an easement road running through many of the plots, including the ones that plaintiffs own, and lead to the Neuse River. The Riverview lots were again recorded in 1960, when the land was subdivided into more lots. The easement road was depicted identically.

In 2020, plaintiffs built fences that blocked the entry of the road and the view of the Neuse River from defendants' properties. On 26 February 2021, plaintiffs sued,

alleging criminal surveillance in violation of N.C.G.S. § 15A-300.1(e), malicious intrusion, and sought punitive damages. Plaintiffs named Weiss, Swindell, Walsh, and Stephen DiPiero, another Riverview property owner, as defendants. Defendants filed their answers, defenses, and asserted counterclaims of, as relevant here, easement by plat and prescriptive easement. Plaintiffs asserted their own counterclaims in response.

On 10 January 2022, plaintiffs moved for summary judgment on defendants' easement by plat counterclaim. On 1 February, plaintiffs voluntarily dismissed their claims for malicious intrusion and punitive damages as to all defendants.[1] On 8 February 2022, the trial court dismissed all of plaintiffs' counterclaims as to all defendants with prejudice. Plaintiffs voluntarily dismissed their remaining claims for criminal surveillance against all defendants except for Swindell on 27 June 2022.

On 11 October 2022, the trial court granted plaintiffs' motion for partial summary judgment on defendants' easement by plat counterclaim, concluding that there was no genuine issue of material fact. Defendants filed a motion to reconsider the trial court's 11 October order granting partial summary judgment, which the trial court denied in its order filed 3 January 2023. On 8 December 2022, plaintiffs moved for summary judgment on defendants' remaining counterclaims, including the prescriptive easement claim. By written order filed 3 January 2023, the trial court

---

[1] Plaintiffs had voluntarily dismissed their malicious intrusion claim against Weiss on 6 October 2021.

granted plaintiffs' motion for summary judgment as to defendants' remaining counterclaims. The trial court also denied defendants' motion to reconsider its order granting summary judgment on the easement by plat counterclaim.

On 27 January 2023, defendants filed a notice of appeal of the trial court's order. By opinion filed 19 December 2023, the Court of Appeals dismissed defendants' appeal as interlocutory. *See Bettis v. Weiss*, No. COA23-514, 291 N.C. App. 691, 2023 WL 8738613 (December 19, 2023) (unpublished).

On 3 December 2024, the Honorable Marvin K. Blount in Craven County Superior Court entered judgment in favor of Swindell on plaintiffs' remaining criminal surveillance claim. On 27 December 2024, defendants Weiss, Swindell, and Walsh filed notice of appeal of the trial court's 3 January order.

## II. Jurisdiction

We have jurisdiction to review a final judgment of a superior court. N.C.G.S. § 7A-27(b)(1) (2023). The trial court's judgment is final as to all claims and all parties. Accordingly, we have jurisdiction over defendants' appeal of right.

## III. Standard of Review

We review the grant of summary judgment de novo. *Gonzalez v. Marfione*, 921 S.E.2d 175, 178 (N.C. App. 2025). Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.G.S. § 1A-1, Rule

56(c) (2023). A genuine issue of material fact is one "that is supported by substantial evidence, and an issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action." *James H.Q. Davis Tr. v. JHD Props., LLC*, 387 N.C. 19, 23 (2025).

"In review of the motion for summary judgment, the [c]ourt must view the evidence in the light most favorable to the non-moving party." *Value Health Sols., Inc. v. Pharmaceutical Rsch. Assocs., Inc.*, 385 N.C. 250, 267 (2023). "If the granting of summary judgment can be sustained on any grounds, it should be affirmed on appeal." *Shore v. Brown*, 324 N.C. 427, 428 (1989).

## IV. Discussion

Defendants contend that the trial court erred in granting plaintiffs' motion for summary judgment as to their easement by plat and prescriptive easement counterclaims. We address each argument in turn.

## A. Easement by Plat

"An easement is a right to make some use of land owned by another without taking a part thereof." *Builders Supplies Co. of Goldsboro, N.C. v. Gainey*, 282 N.C. 261, 266 (1972). "An appurtenant easement is an easement created for the purpose of benefiting particular land. This easement attaches to, passes with, and is an incident of ownership of the particular land." *Shear v. Stevens Bldg. Co.*, 107 N.C. App. 154, 161 (1992). Our Supreme Court has stated that:

> An easement may be created by plat, based on the following settled principle: "when the owner of land . . . has it subdivided and platted into logs, streets, alleys, and parks, and sells and conveys the lots or any of them with reference to the plat, nothing else appearing, he thereby dedicates the streets, alleys, and parks, and all of them, to the use of the purchasers, and those claiming them, and of the public."

*Home Realty Co. & Ins. Agency, Inc. v. Red Fox Country Club Owners Ass'n, Inc.*, 274 N.C. App. 258, 277 (2020) (quoting *Gaither v. Albemarle Hosp., Inc.*, 235 N.C. 431, 443 (1952)). This rule "is based on principles of equitable estoppel, because purchasers who buy lots with reference to a plat are induced to rely on the implied representation that the 'streets and alleys, courts and parks' shown thereon will be kept open for their benefit." *Harry v. Crescent Res., Inc.*, 136 N.C. App. 71, 77 (1999) (quoting *Gaither*, 235 N.C. at 444)).

"For an easement implied-by-plat to be recognized, the plat must show the developer clearly intended to restrict the use of the land at the time of recording for the benefit of all lot owners." *Friends of Crooked Creek, LLC v. C.C. Partners, Inc.*, 254 N.C. App. 384, 392 (2017). "[A] map or plat, referred to in a deed, becomes part of the deed, as if it were written therein." *Stines v. Willyng, Inc.*, 81 N.C. App. 98, 101 (1986) (cleaned up). "A recorded plat becomes part of the description and is subject to the same kind of construction as to errors." *Id.*

Here, plaintiffs' title originates with reference to the 1952 plat map, and defendants' titles originate with reference to the 1960 plat map. Though the 1960

plat map was subdivided into more lots than the 1952 plat maps, both depict the same easement road running through plaintiffs' property to the Neuse River. Neither party contests the proper recordation of either plat map. Further, neither party contests that the road is an easement. Rather, the dispute centers around whether owners who took title with reference to the 1960 plat map have a right to access the easement road.

Plaintiffs maintain that the 1952 plat map is superior to the 1960 plat map, as the subdivision of the land alters the easement rights of the landowner, which would alter the "inducement and part of the consideration for the purchase of the lots." *See Cleveland Realty Co. v. Hobbs*, 261 N.C. 414, 421 (1964) ("[T]he right of the lot owners to use [an easement or dedication] . . . may not be extinguished, altered, or diminished except by agreement or estoppel."). Specifically, plaintiffs maintain that other lot owners who purchased their land in reference to the 1960 plat map would "overburden" the road.

However, plaintiffs do not cite any case to support their argument that an earlier recorded plat map is superior to a later recorded one. Furthermore, plaintiffs bought their property in 2019 and thus had record notice of the 1960 plat map depicting more lots that could use the easement road. *See Gouch v. Rotunno*, 291 N.C. App. 7, 11 (2023) ("[A] purchaser has constructive notice of all duly recorded documents that a proper examination of the title should reveal." (cleaned up)). Therefore, plaintiffs could not have been induced to purchase their property based on

their belief that fewer lots had access to the road because they had record notice of the 1960 plat map depicting more lots entitled to access the road as depicted in both plat maps.

Both properly recorded plat maps depict the easement road leading to the Neuse River, which benefits other lots and is not exclusive to plaintiffs' benefit. There is an easement created by plat available for use by the property owners who took title of their property with reference to the 1960 plat map. The trial court erred in granting plaintiffs' partial motion for summary judgment since there is easement by plat. Therefore, plaintiffs are not entitled to judgment as a matter of law on the issue. As there remains no genuine dispute of any material fact, we reverse summary judgment granted to plaintiff and remand for entry of summary judgment for defendants on their easement by plat counterclaim.

## B. Prescriptive Easement

Defendants also argue the trial court erred by granting plaintiffs' motion for summary judgment on their prescriptive easement counterclaim.

> To prevail on a prescriptive easement claim, the claimant must establish: (1) that the use is adverse, hostile, or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is a substantial identity of the easement claimed throughout the twenty-year period.

*Town of Carrboro v. Slack*, 261 N.C. App. 525, 535 (2018) (cleaned up).

Continuous use of the easement does not require "a perpetually unceasing use, [but] the use must be often enough and with such regularity as to constitute notice to the potential servient owner that the user is asserting an easement." *Godfrey v. Van Harris Realty, Inc.*, 72 N.C. App. 466, 470 (1985) (cleaned up). There is a presumption "that one's use of another's land is permissive or without the owner's consent unless evidence to the contrary exists." *Koenig v. Town of Kure Beach*, 178 N.C. App. 500, 504 (2006) ("Mere use alone of a purported easement is not sufficient to establish the element of hostile use or use under a claim of right.").

Here, the record does not contain evidence that defendants used the road without the owners' permission for the required twenty-year period. Weiss testified in his deposition that the previous owner did not have any issue with their use of the road, and "if anything, she was thankful [Weiss's son] was going" to the river via the road. Furthermore, Swindell testified that the prior owner knew that he and his wife used the road to access the river during the forty years that she owned the property; he did not testify that she ever objected to their use of the road.

Walsh did not continuously use the road for the required period. Walsh testified that she enjoyed the unobstructed view of the river but conceded that she "couldn't physically" use the road. Accordingly, she did not openly use the easement to put the servient owner on notice of her use of the road, as she did not actually use it.

Because Weiss and Swindell did not present evidence that they used the road

without the owner's permission for the statutory period, and Walsh did not actually use the road, defendants cannot individually or collectively establish a claim for a prescriptive easement. Accordingly, the trial court did not err in granting plaintiffs' motion for summary judgment as to defendants' prescriptive easement counterclaim.

## V.  Conclusion

For the foregoing reasons, we affirm the grant of summary judgment to plaintiffs on the issue of prescriptive easement. We reverse the grant of summary judgment to plaintiffs on the issue of easement by plat and remand entry of summary judgment to defendants on that issue.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Judges ARROWOOD and COLLINS concur.

Report per Rule 30(e).